## BENJAMIN SWETT

*versus*

## AMOS HORN, WILLIAM HAZLETON, AND RICHARDSON HAZLETON.

*Where lands have been conveyed in mortgage to secure the payment of money, payment or tender of payment after the condition is broken, at any time before the mortgage is foreclosed, is by the statute of this state made equivalent to payment or tender of payment at the day mentioned in the condition, and the lands are thereby discharged of the incumbrance.*

THIS was a writ of entry, in which the demandant counted upon his own seizin of a lot of land in *Haverhill*, and upon a disseizin by the tenants. The cause was tried here at the last term upon the general issue, when it appeared in evidence that *Horn*, being seized of the demanded premises, on the 3d of September, 1804, conveyed the same to one *David How* in mortgage, to secure the payment of a certain sum of money, and that *How*, on the 9th of September, 1816, duly assigned the mortgage to *W. & R. Hazleton*, the other defendants. But it did not appear that either *How* or the *Hazletons* had ever entered for a breach of the condition of the mortgage, although it appeared that the condition had been broken on the 3d of September, 1805. On the 29th of December, 1815, the demandant, having obtained an execution against *Horn*, caused it to be extended upon the land in question, subject to the mortgage, and on the 16th of August, 1817, tendered to the *Hazletons* the amount due upon the mortgage, which they refused to accept, and thereupon he brought this action.

The jury, under the direction of the court returned a verdict for the demandant ; whereupon the tenants moved for a new trial, on the ground that the demandant was not entitled to maintain the action upon the facts proved.

*J. Bell*, for the demandant.

*J. Smith*, for the tenants.

The opinion of the court was delivered by

RICHARDSON, C. J. At common law, when lands were granted upon condition that the conveyance should be void upon the payment of a certain sum at a particular time by

the grantor, if he paid the money, or made a legal tender of it at the day, he immediately acquired a right of entry, and the land was forever discharged from the incumbrance(1). *Coke*, in his commentary upon this section of *Littleton*, says that "this is to be understood that he that ought to "tender the money is of this discharged forever to make "any other tender; but if it were a duty before, though the "feoffer enter by force of the condition, yet the debt or duty "remaineth." And he thus illustrates this doctrine—"As "if A. borrowed of B. 100*l.*, and after mortgageth land to "B. upon condition for payment thereof, if A. tender the "money to B., and B. refuseth it, A. may enter into the land, "and the land is freed forever of the condition, but yet the "debt remaineth and may be recovered by action of debt." And the law is without doubt the same here at this day. If the condition of a mortgage is performed at the day, according to the terms of it; or, what is equivalent, if a legal tender of performance is made and refused, the land is forever discharged from the incumbrance. And at common law, if the mortgagor neglected to pay at the day, the estate of the mortgagee became absolute, and the land was gone forever(2).

But by the first section of our statute of February 16, 1791,(3) it is enacted that real estate pledged by mortgage may be redeemed by paying all costs, &c., in addition to payment and performance of the condition, provided such payment or performance, or tender thereof, be made within one year after the entry of the mortgagee for condition broken. And by the second section of the same statute it is enacted "that in all cases where payment shall be made, or tendered as "aforesaid, or the condition on which any real estate was "conveyed shall be performed, the same mortgage, or deed "of bargain and sale with defeazance, shall be utterly void." The same section makes it the duty of the mortgagee in such case, upon tender of his reasonable charges therefor, to repair to the office where the deed is recorded, and acknowledge satisfaction on the margin of the record, or exe-

Swett
*vs.*
Horn & al.

(1) *Littleton*
*Sec.* 338.

(2) *Littleton,*
*Sec.* 332.

(3) 1 *N. H.*
*Laws* 195.

(4) 1 *N. H.*
*Laws* 197.

cute a sufficient release ; and makes him liable, in case of neglect for ten days, to pay all damages, to be recovered by action, with treble costs. The statute of January 16, 1795, (4) provides that the justices of the superior court, upon petition by the mortgagor, may decree a discharge of the mortgage when payment has been made or tendered, and that an attested copy of such decree, filed in the office of the registry of deeds where the land lies, shall have in law the effect of a release. But when such decree is founded upon a tender, the sum tendered must be lodged in court for the use of the mortgagee.

On the part of the tenants in this case it has been urged that the words, " *utterly void*," in the statute, are not to be understood literally, but are to be construed in a restricted sense, to mean that the deed shall be so far void, upon payment or tender of payment after condition broken, as to entitle the mortgagor to a release, &c.; because if the deed is to be considered in such case as absolutely void, the provisions of the statute relative to a release are wholly unnecessary, the land being already upon this construction discharged from the incumbrance. To this it may be answered, that although the deed be absolutely void, and the land discharged, still the provisions of the act of 1791, relative to a release, and the provisions of the statute of 1795, relative to a decree of satisfaction upon petition, are not without their use ; they at least may save the mortgagor from the risk and trouble of perpetuating the evidence of payment or tender of payment.

It has also been contended, that the makers of the act of 1795 could not have understood the land to have been discharged by a tender of the money ; otherwise they would not have compelled the mortgagor to lodge the money tendered in court for the use of the mortgagee. But it must be remembered that the act of 1795 was introduced for the benefit of the mortgagor, and to enable him to make the discharge of the mortgage a matter of record ; and the makers of that act might have thought it not unreasonable, though

the land was discharged, that the money tendered should be brought into court before such discharge became a matter of record. It is not, therefore, to be inferred from this that they considered the mortgage as in force after a tender. Besides, it is very manifest, from the language of both statutes, that the provisions in the one to compel the mortgagee to execute a release, and those in the other to enable the court to decree satisfaction upon petition, extend as well to cases where the condition has been performed at the day, as to cases where payment has been made or tendered after condition broken. This is in our opinion a decisive answer to all arguments drawn from those provisions to shew that the deed is not to be construed as absolutely void; for upon payment at the day it is most clearly so.

It seems to us that the intent of the statute of 1791 was to make payment, or tender of payment *after* condition broken, equivalent to all intents and purposes to payment or tender of payment at the day mentioned in the condition.

1. Because such is the natural and obvious import of the language used. The deed shall be utterly void. Upon payment of the money at the day, the deed is utterly void at common law; and we are not able to see any inconvenience that can arise from holding it to be so under the statute, upon payment after condition broken. There is, therefore, no reason why we should construe the words of the statute otherwise than according to their natural import.

2. Because, upon any other construction, the mortgagor, from the passing of the act of 1791 to the passing of the act of 1795, must have been without remedy to regain the land itself, in case the mortgagee chose to retain it. For the provincial act of 12 Geo. 1, cap. 106, was repealed and ceased to be in force at the time the statute of 1791 went into operation(5). And we think that the legislature could not have intended to leave the mortgagor without remedy in this respect. At least we think that we ought not,

(5) 1 *N. H. Laws*, 475.

against the plain letter of the statute, to suppose they so intended.

In the present case there is no complaint that the demandant did not tender a sufficient sum to pay all the claims of the mortgagees; and we are of opinion that upon the tender being made, the deed of mortgage became absolutely void and the land discharged from the incumbrance, and that the demandant thereby acquired a right to enter into the land and hold it against the mortgagees, and that he may well maintain this action to obtain possession.

*Judgment on the verdict.*