## LEVI WILLARD *versus* JONATHAN HARVEY and A. JOHNSON.

The payment of the amount due upon a mortgage, by a person who is bound to pay it, is not, in all cases, an extinguishment of the title created by the mortgage. Thus, where the mortgagee had by deed leased the land for a year to A, and within the year, B, who had undertaken to discharge the mortgage and had another mortgage upon the land, paid the debt, and took an assignment of the mortgage and lease in order to collect the rent, it was held that the mortgage was not to be considered as extinguished by such payment.

If a mortgagee lease the land for a year, and within the year the land is redeemed, the lease is thereby determined.

A tender of the amount due upon a mortgage discharges the land, but the debt remains.

THIS was an action of covenant broken, upon an indenture made by Joseph Fox, on the one part, and by the defendants, on the other part, by which the said Fox demised to Harvey certain lands for one year, and the defendants covenanted, that Harvey should pay to Fox as rent, $120, and surrender the possession of the lands in good order, and in tenantable repair, at the end of the year. And Willard, being the assignee of Fox's reversion, brought this action for a breach of the said covenants.

The cause was submitted to the decision of the court upon the following facts.

On the 11th June, 1817, Elijah Fuller, being seized of

the " William Ralston farm," in Surry, conveyed the same to Janette Ralston, in fee and in mortgage, to secure the payment of $2700.   On the 12th May, 1820, the said Fuller, by three several deeds, conveyed the said farm in three several parcels to Jonathan Harvey, Jeremiah Robbins and Eli Dort, severally ; and on the same day, Harvey, Robbins and Dort, severally reconveyed to Fuller the several parcels thus conveyed to them; Robbins, to secure the payment of three notes of $100 each, dated April 1st, 1817 ; Harvey, to secure the payment of three notes of $267 each, dated June 18, 1817 ; and Dort, to secure the payment of three notes of $88 each, dated June 14, 1817.

On the 1st December, 1821, Janette Ralston assigned to Joseph Fox all her interest in the said farm, under the mortgage given by Fuller, as aforesaid, having previously obtained a judgment on the same mortgage in a writ of entry against Harvey.

On the 6th December, 1821, Fuller assigned to Willard the three mortgages given as aforesaid to Fuller by Harvey, Robbins, and Dort ; and at the same time, Willard entered into a written contract with Fuller as follows :—

" *Keene, December* 6, 1821.   Whereas Elijah Fuller has assigned to me, the said Levi Willard, three mortgages, &c. now in consideration of said assignments, I hereby promise to indemnify said Fuller from a certain mortgage, the said Fuller heretofore made to Janette Ralston, of certain lands therein described in Surry, and on which mortgage to said Ralston there is due about seventeen hundred dollars.

LEVI WILLARD."

On the 26th December, 1821, a writ of *habere facias possessionem*, issued upon the said judgment, in favor of Janette Ralston against Harvey, was executed, and possession delivered to Fox.   And on the same day, the

indenture on which this action is founded, was executed between Fox and the defendants.

On the 24th October, 1822, Willard paid to Fox the whole amount due upon the Ralston mortgage, without deducting the rent, and Fox released to Willard all his right in the land which had been leased to Harvey, as aforesaid, and delivered to Willard the lease, Fuller's notes, and the Ralston mortgage.

After the expiration of the lease to Harvey, Willard took possession of the land, and within a year from the time when Willard so took possession, the amount due on the mortgage given by Harvey to Fuller, as aforesaid, was tendered to Willard, but he refused to receive it.

The case was elaborately and ably argued by

*Woodbury*, for the defendants, and

*J. Parker*, for the plaintiff.

The opinion of the court was delivered by RICHARD-SON, C. J.

It is contended, on behalf of these defendants, that, when Willard paid to Fox the whole amount of his debt, there was an end to Fox's estate ; and that Willard cannot now maintain this action, as assignee of Fox's reversion, because Fox's estate being at end, he had no reversion to assign.

If Willard had paid to Fox only the amount due to the latter, after deducting the rent of the land while it had been in possession of Harvey under the lease, this would have been simply a discharge of the Ralston mortgage, and, as is now contended, Fox would have had no reversion to assign. But when Willard, on the 24th October, 1822, went to redeem, Fox, by his tenant, Harvey, had been in possession of the land ten months, and was bound to account for the rents during that time, and Willard was entitled to have those rents deducted from the debt due to Fox, and to redeem by paying the balance. But Willard, instead of paying what was due after deducting the rent, paid the whole amount due to Fox, and thus,

in effect, became the purchaser of the lease ; and to enable Willard to collect the rent, Fox conveyed to him, by way of release, his reversion in the land, and delivered to Willard the Ralston mortgage, and the notes secured by it.    Now, independently of the reason which the defendants give, why this action should not be maintained upon this ground, and which we shall examine presently, we see no objection to a recovery by the plaintiff, under the circumstances.    Harvey had occupied the land under the lease, and was liable to Fox for the rent. The only effect of the transfer of Fox's reversion to Willard was, to make Harvey liable to Willard instead of Fox, or in other words, to place Willard in Fox's place. This did not make the situation of these defendants any worse, and Willard seems to be as justly and equitably entitled to this rent, as Fox would have been, had he received of Willard only what was due to him after deducting the rent.    It therefore seems to be just and equitable, that, as between these defendants and Willard, the Ralston mortgage should not be considered as extinguished until this rent is paid to Willard.

But it is said, in behalf of the defendants, that Willard, when, on the 6th December, 1821, he contracted to pay the Ralston mortgage and save Fuller harmless, made that debt his own, and ought not to have let it remain unpaid, and still claim that the rents and profits of the land, while the debt was permitted by him so to remain, should be allowed by Fox in part payment of the debt.

The answer to this objection is, that Willard, when he contracted to discharge the Ralston mortgage, became the assignee of the mortgage given by Harvey to Fuller, and as such assignee, entitled, as against Harvey, to enter and receive the profits of the land.    Willard might have discharged the Ralston mortgage the very day he became the assignee of the Fuller mortgage, and then have entered and turned Harvey out of the possession of the

land. For Fox, having no interest in the land, except as assignee of the Ralston mortgage, the moment that mortgage was dicharged, the lease he had given to Harvey must determine. Woodfall, 83 ; 9 Mod. Rep. 1, *Hungerford* v. *Clay*.

But Willard elected to take a different course. Instead of discharging the Ralston mortgage and turning Harvey out of possession, he chose to adopt Harvey as his own tenant, and for that purpose became the assignee of that mortgage.

To this we see no objection. The course pursued was not injurious to Harvey. It left him in possession of the land, and only made him liable to pay the rent to Willard instead of Fox ; and it is clear, that whatever rent he might have paid to Willard, must have been a payment, *pro tanto,* of the Fuller mortgage, and must have been allowed to Harvey, when he came to redeem the land, by discharging that mortgage. In giving effect to the contract between Willard and Fox, no principle of law is violated, and complete justice is done to all parties. Fox has received what was due to him, and no more. Willard will receive the rents and profits, which he was entitled to receive ; and Harvey is only compelled to pay what, in justice, he ought to pay. And this view of the case seems to us to be a decisive answer to the objection raised by the defendants.

It only remains to enquire, what effect the tender to Willard of the money secured by the Fuller mortgage is entitled to have in the decision of this cause ?

If that tender was duly made, the land was thereby discharged from the Fuller mortgage. 1 Johns. 110, *Jackson* v. *Crafts* ; Co. Litt. 209, *b*.

But we are not aware of any rule of law which can give to that tender the effect of discharging the debt secured by the mortgage, or of releasing the mortgagor from the payment of rent which he had covenanted to

pay, and which had become due, when the tender was made.

Willard<br>v.<br>Harvey et a

We are, therefore, of opinion, that there must be

<em>Judgment for the plaintiff.</em>