## BATCHELDER *vs.* TAYLOR.

Where, in a writ of entry, founded upon a mortgage, the defendant pleads the general issue, and sets up as a defence the payment of the mortgage debt ; the verdict of the jury, finding the issue for the plaintiff, cannot be used on a hearing in chancery, to determine the amount due.

And so, if the only matter in controversy between the parties is whether a certain payment was made, and the court, with the consent of the parties, in order to simplify the case, submit that question to the jury for an answer, and upon the return of the answer, finding that it was not made, a general verdict is entered ; the answer of the jury is not evidence upon the hearing in chancery, to establish the amount which is due ; but such hearing must be had upon independent evidence, to be laid before the court.

WRIT OF ENTRY, upon a mortgage.   Plea, *nul disseizin.*

On the trial, it appeared that on the 20th of June, 1829, the defendant was indebted to the plaintiff, and gave a note for $508·68, and executed the mortgage in question, to secure it.

On the 27th June, 1829, he paid $273·49, and on the 3d July, $37·20, which sums were indorsed.   Subsequent to this the defendant became indebted to the plaintiff in other sums, and it was agreed that part of the sums indorsed

should go in satisfaction of that indebtedness, instead of being applied to the mortgage debt; and the defendant made a new note for $508·68, of the same date as the first, on which was indorsed, as of June 27, 1829, $227·69, which was the balance of the former indorsement, after deducting the sum agreed, and the old note was given up to the defendant.

After this there were mutual dealings between the plaintiff and defendant, and on the 3d of March, 1832, the plaintiff received of Rhoda and Daniel Fogg their note of $278.73, on account of the defendant, for which he gave the defendant credit on his books.

At this time he had furnished articles to the defendant, and held notes against him.

The defendant offered evidence to show that it was specially agreed by the plaintiff, when he received the note against R. and D. Fogg, that it should be applied upon the debt secured by the mortgage; and thereupon he contended that the evidence proved that the debt was fully extinguished, and the mortgage discharged.

The evidence upon this point being submitted to the jury, they found that there was no agreement that said note should be applied to the payment of the note secured by the mortgage; and a general verdict was thereupon taken for the plaintiff.

The plaintiff having moved in the common pleas for judgment as of mortgage, the defendant offered the same, with other evidence, to the court, to show that the sum of $278·73 was agreed to be applied upon the debt secured by the mortgage; and contended that the conditional judgment should be rendered only for a nominal sum.

If the evidence thus submitted ought, under these circumstances, to be considered by the court, the weight of it, as it now stands, is in favor of the existence of such an agreement; but the plaintiff contended that the defendant, having submitted this matter to the jury, upon the question of the plain-

Batchelder *v.* Taylor.

tiff's right to recover, ought not to be permitted to try it again, even in reduction of the conditional judgment.

The question thus stated was reserved for the consideration of this court.

*James Bell,* for the defendant. The defendant moves that the conditional judgment be rendered for a nominal sum, and in support of this motion refers to the depositions proving the payment of the mortgage debt. He conceives that the court are to render this judgment independently of the jury, "for so much as they believe to be due in equity and good conscience." *N. H. Laws* 511.

The finding of the jury, (which may have been correct on the evidence before them,) was simply that the mortgage debt had not been fully paid.

The question of the amount of damages was not one which could come before the jury; and even if it should be contended that they have, in substance, found the amount due on the mortgage, their opinion is not binding upon the court, who will decide it upon the evidence before themselves. 12 *Mass. R.* 412, *Lyman, Judge, &c.,* vs. *Warren.*

*Bartlett,* for the plaintiff.

PARKER, C. J. In order to settle the effect of the special finding in this case, it is necessary to consider the mode in which the case was presented to the jury.

The plea filed put in issue the title of the plaintiff under his mortgage. There was no question that the mortgage was duly executed, and that it conveyed originally a valid title in mortgage, to the plaintiff; but the defendant contended that the debt had been fully paid, and that the plaintiff, therefore, at the institution of his suit, had no valid title to the land. This was a matter of fact for the jury to settle. By the statute of this state, payment of the mortgage money, even after condition broken, defeats the mortgage. 1 *N. H.*

*Laws* 486; 1 *N. H. Rep.* 332, *Swett* vs. *Horn;* 5 *N. H. Rep.* 256.

In the course of the trial before the jury, to ascertain whether the mortgage money had been paid, and thus to determine whether the plaintiff had any title, the only question in dispute between the parties seems at last to have been, whether a certain note of Daniel and Rhoda Fogg, which the plaintiff had received on account of the defendant, and passed to his credit in the general account between them, was in fact by special agreement, to be applied in payment of the mortgage debt. This question was submitted to the jury, and they found that there was no such agreement. This mode of trial, by a special question to the jury, must have been by the consent of the parties, perhaps on the suggestion of the court, for the purpose of simplifying the case. The technical issue was, whether the defendant had disseized the plaintiff; and the court, without the consent of the parties, could not have directed the jury to find any particular fact, only, which might have been involved in the issue. Upon this finding of the fact, actually in controversy, a general verdict was taken, finding the issue upon the record.

The result thus attained is the same that it would have been had the jury been directed that the only matter in controversy between the parties was, whether the note of D. and R. Fogg was received in payment of the mortgage debt; and if they found it was so, that they should return their verdict that the defendant did not disseize the plaintiff; but if the note was not to be thus applied in payment, the plaintiff had lawfully passed it to the credit of the defendant, in their general account, and that the verdict in that case must be that the defendant did disseize the plaintiff in manner and form as he had alleged.

Had the trial taken this shape, we think the court, upon the hearing in chancery, to ascertain the amount due, must go into evidence independent of the finding of the jury; and could not take official notice of the fact that the jury, in com-

Batchelder *v.* Taylor.

ing to their conclusion that the defendant was guilty of a disseizin, must have been of opinion that the note of D. and R. Fogg was not received specially in payment of the mortgage debt.    The verdict would settle nothing but the fact of the disseizin.    The court, to be sure, would know that the jury found, or ought to have found, that there was no special application of the payment to the mortgage ; but they would have this knowledge only by inference, from the fact that nothing else had been in dispute.    If the matter in controversy, instead of being confined to this simple fact, had involved several controverted facts ; as, for instance, if the defendant had alleged that the mortgage had been fully discharged by payments made at several different times, and the plaintiff had controverted all those alleged payments ; the court could not have inferred, from a general verdict, that the jury had found any particular sum to be due, for they might well have found some of the payments alleged and not others. In a case of that character, it would be very clear that the court, upon the hearing in chancery, could not enquire of the jury how many of the payments they found to have been made, and what sum they thought to be due, and then render a conditional judgment upon that information.    And the fact that only one payment was alleged, can make no difference in the principle.    The court could no more act upon an inference drawn from the finding of the jury, than they could act upon the answers of the jury to a question put to them in the case last supposed.

And we are of opinion that these considerations indicate, conclusively, that the special finding of the jury in this case cannot be received in evidence on the hearing in chancery.    It was not of itself a verdict, but an answer to a question, taken by consent, as the foundation of a verdict, for the convenient transaction of business ; and no greater force or effect should be given to it than would have been given to the inference which might have been drawn upon the return of a general verdict.    That proceeding was not had with a

view to the hearing in chancery.    The verdict settles the fact that the plaintiff has a title by mortgage, but the hearing in chancery is open to any evidence which may show the amount due.