## MORRILL & a. *v.* RICHEY.

It is not a variance, if, upon the consideration stated in the count, it is proved that the defendant undertook to do an act in addition to that, the non-performance of which is stated in the count, as the cause of action.

If the witnesses of the plaintiff do not agree in their statements, the jury may find upon the testimony of the one whom they believe.

If a deposition, which is admitted, against the objection of the opposite party, become immaterial by his admission, in the sequel, of the fact proved by it, the court will not afterward consider the objection, or inquire whether the deposition was erroneously admitted.

What is said in the hearing of a party is evidence; but it is the province of the jury to draw the proper inference from his conduct or silence.

ASSUMPSIT, upon a special contract for the sale and delivery of a quantity of pork. There was also a count for money had and received.

The plaintiffs introduced as a witness one V. M. Demick, who testified that, as their agent, he made the contract, and he stated it substantially as set up in the declaration, with this addition, that the defendant also agreed to keep the teams when they should come to remove the pork, over night, free of expense.

The plaintiffs also introduced one Ira Frizzle, who testified that he was called by Demick and the defendant as a witness to the bargain after they had made it, and they stated to him the bargain as Demick stated it in his testimony, except that it contained nothing about keeping the teams over night; and that the defendant then told him that he had received twenty-five dollars in advance upon the contract.

The defendant's counsel objected to the proof, on account of its variance from the declaration; but the court suffered the plaintiffs to proceed, and left it to the jury to decide which was right. To this the defendant excepted.

The plaintiffs also introduced the deposition of one Smith Aldrich, to which the defendant objected, on account of the improper manner in which it appeared, from the cross-examination, to have been written. But the court admitted it, as it did not appear that the plaintiffs' counsel interfered at all in the writing of it. The jury were, however, instructed that they might lay the deposition entirely out of the case, the deponent having testified only to the defendant's admission that the pork had been sold to the plaintiffs, and the defendant's counsel, having admitted at the trial that the contract of sale was made, but contended that it was different in some particulars from the contract set up.

The defendant's evidence tended to show that on Friday of the week following that on which the contract was made, it being nine days afterward, Demick called again, and the defendant asked him to pay the residue of the price of the pork, and said to Demick that the time for payment had expired; and that if the money was not paid on the following Sunday he should take the pork and sell it, and that Demick made no reply to this, so far as the witness could recollect. The defendant's counsel requested the court to instruct the jury that in case they

Merrill v. Richey.

found that the defendant said, in the presence and hearing of Demick, that the time for the payment of the money had expired, then, unless Demick disputed that declaration of the defendant, it was virtually assenting thereto.

The court declined so to instruct the jury, but left it to the jury to determine, from this and other evidence, whether he did assent or not. To which the defendant excepted.

A verdict was rendered for the plaintiffs, which the defendant, for the supposed errors, moved the court to set aside.

*Heywood*, for the plaintiffs, on the question of variance cited Doug. 665; 1 Chit. Pl. 266; 4 Taunt. 285; 13 E. 18; 8 do. 7; 6 do. 267; 2 Stark. 31–71.

*Cooper*, for the defendant, to the same point, cited 12 N. H. Rep. 54; Peake's Ev. 198; Stark. Ev. 435, 461.

WOODS, J. Several objections to the verdict have come up for consideration in this case.

In the first place it is said that there is a variance between the declaration and the evidence. The evidence is that the defendant, in addition to the special undertakings for the breaking of which the action is brought, promised also to keep the plaintiff's team that he should send for the pork. One witness stated the contract as having embraced this stipulation, while another, who was called on by the parties when they had completed the contract, to listen and bear witness to its terms, stated it as the declaration set it up, and without the special undertaking of the defendant to keep the plaintiff's team. And this is the alleged variance.

There are two answers to this exception. The plaintiffs have brought their action against the defendant upon a contract by which — for considerations which they

have correctly set forth, and which they were obliged correctly to set forth — the defendant was bound to sell and deliver to them a quantity of pork. They do not sue the defendant for not keeping their team. It might be shown, perhaps, that they agreed to do this, and refused, or that they agreed to do it, and did not refuse; but this is not what the plaintiffs claim damages for, and it was their right to waive the matter and omit all mention of it. Such omission is not a material one for which the defendant can defeat the action, or insist on, as impairing the identity of the contract. *Favor* v. *Philbrick*, 7 N. H. Rep. 333, and authorities there cited.

But if the variance were material, and if, under a count upon a promise to deliver pork, the plaintiffs could not prove a promise to deliver pork, if his witnesses also swear that the defendant at the same time promised, on request, to keep the plaintiffs' team, it would be severe upon a plaintiff to hold that he must fail in his suit, if his witnesses do not recollect, or did not understand the terms of the contract alike. It is a perfectly well settled principle of the law of evidence, that although a party shall not ordinarily impeach the character of a witness whom he has introduced, he may show, by other proof, that his witness is mistaken, and may contradict him. 1 Greenl. Ev., sec. 443. Without that privilege few actions could be maintained upon the testimony of witnesses. The ruling of the court was correct on this head.

Exception was taken to the testimony of a witness whose deposition was used to prove a fact that was in the course of the trial admitted. Under these circumstances the court will not inquire how just the exceptions were which were urged against its reception. It would be trifling with the technicalities of the law, and wholly perverting their use, to suffer an error which cannot possibly have had an influence in procuring a verdict, to be made the occasion of setting it aside.

Morrill *v.* Richey.

The defendant made, in the presence of the plaintiffs' servant, an assertion, which, if true, would affect or wholly take away their right of action. The servant received the communication in silence. The defendant insists that the law interprets that silence as an admission of the truth of the assertion.

Omitting an obvious question, of the authority of the servant, by express language, to admit away his master's rights in the circumstances of this case, it is sufficient to deny that the law interprets the silence of a party to be an admission of all that he hears. What is said in a party's hearing may be proved, but it is the peculiar province of the jury to put a construction upon the party's behavior at such time. They may say that he is silent because he is afraid to speak, or because he is struck dumb with amazement and despair at the audacity of the falsehood, or because he acquiesces in the thing said, as so perfectly understood between the parties as not requiring his express assent; or, in short, they may draw such inference as they think ought to be drawn from conduct that, in itself, without the aid of surrounding circumstances to explain it, is extremely equivocal.

The court correctly refused the instructions demanded by the defendant, and his exceptions must be overruled.

*Judgment on the verdict.*