## NEW-LONDON *vs.* SUTTON.

A person, who has only a right in equity to redeem land in the town where he dwells, cannot gain a settlement in the town by paying all the taxes assessed upon his poll and estate for the term of four years, unless his right in equity to redeem be of the value of $150.

ASSUMPSIT for the support of a pauper, alleged to have a settlement in *Sutton.*

The cause was tried here at April term, 1821, upon the general issue, when it appeared in evidence, that the pauper removed to *Sutton* in the year 1810; that he resided there until the year 1816, paying all taxes assessed upon his poll and estate; that at the time of his removal to *Sutton,* he was seized of an undivided moiety of a tract of land in *Sutton,* the value of the whole of which tract was $750; and that on the 30th September, 1813, the pauper and his co-tenant conveyed the land in fee and in mortgage to secure the payment of $700, no part of which has ever been paid.

A verdict was taken for the defendants, subject to the opinion of the court upon the foregoing case.

*J. Smith* and *H. B. Chase,* for the plaintiffs.

*Noyes,* for the defendants.

*By the court.* The statute of January 1, 1796, provides, that any person of twenty-one years of age and upwards, having real estate of the value of $150 in the town where he dwells, and for the term of four years paying all taxes assessed upon his poll and estate, shall thereby gain a settlement.(1)

(1) 1 N. H. Laws 362.

It has always been considered, that a right in equity to redeem land was real estate within the meaning of the statute above mentioned. *6 Mass. Rep.* 50, *Groton vs. Boxborough.*—11 *ditto* 327, *Conway vs. Deerfield.*—*Caldecot* 230, *Witherell vs. Hull.*

But in this case the pauper's right in equity to redeem the land, after the conveyance in 1813, cannot, upon any calculation, be considered as of the value of $150. He cannot, therefore, be considered as having had real estate of that value for four years, and of course gained no settlement in *Sutton.*

*Judgment on the verdict.*