### JOHN TAYLOR vs. JOHN BASSETT, jun.

Where two persons are severally seized of two distinct parcels of a tract of land, which is under mortgage to a third person, one of them may pay the mortgage money, take an assignment of the mortgage, and hold all the land, until the other pays his reasonable contribution.

This was a writ of entry, in which the demandant counted upon his own seisin of three parcels of land in Atkinson, and upon a disseisin by the tenant.

The cause was tried here, upon the general issue, at February term, 1825, when it appeared in evidence, that *John Bassett, sen.* being seized of a farm, of which the demanded premises are parcel, on the 20th Nov. 1809, conveyed the same to *W. Bartlett* in fee and in mortgage, to secure the payment of $1012 in one year with interest. And on the 18th

February, 1811, the said *John Bassett, sen.* conveyed the same farm to said *Bartlett* in fee and in mortgage, to secure the payment of a further sum of $500 in one year with interest. Both these mortgages were duly acknowledged and recorded before the 28th March, 1812.

It also appeared in evidence, that *David Moody*, under whom the tenant claims to hold the demanded premises, on the 28th March, 1812, having sued out a writ of attachment against *John Bassett, sen.* caused the said farm to be attached, and having afterwards obtained judgment and an execution in his said suit, extended the same execution upon the demanded premises within thirty days after the rendition of his judgment. This extent was made on the 1st January, 1814, and was made upon the land as free from all incumbrances.

On the 28th March, 1812, *John Bassett, sen.* conveyed the said farm to *John Taylor*, the demandant, subject to the mortgages aforesaid; the deed was recorded March 30th, 1812.

On the 21st January, 1813, the demandant paid, with his own money, all that was due on the first mortgage and a considerable portion of what was due on the second mortgage, and in 1817 he paid the residue of the debt due to *Bartlett*. These payments were made under an agreement between *Bartlett* and the demandant, that *Bartlett*, upon receiving the sums due upon the mortgages, should assign the same to the demandant ; and on the 13th March, 1820, *Bartlett* did assign the said mortgages to the demandant.

A verdict was taken for the demandant, subject to the opinion of the court upon the above case.

*Sullivan*, for the demandant.

*Mason*, for the tenant.

1. It is contended in behalf of the tenant, that the verdict ought to be set aside, because it is not competent for the demandant to set up the title under the mortgage to *Wm. Bartlett*.

It is a general rule, as to legal estates, that when the lesser unite in the person seized of the fee, that they immediately merge in the fee, and are extinguished. Thus

terms for years or life, when united with the fee simple, are merged and ended.  The only exception to the merging of legal estates is of a fee tail united with a fee simple, which arose from the construction of the statute *de donis*, for the purpose of preserving the rights of tenants in tail.  The doctrine of the merger of legal estates is too well settled, and familiarly known, to need the citing of any authorities to support it.

The same doctrine applies to the union of legal and equitable estates.  The equitable immediately merges in the legal estate.  *Ld. Thurlow* lays down the rule as being universally applicable to the union of equitable and legal estates.  1 *Brown* 368.—*Doug.* 771, *Goodright vs. Wells.*— 3 *Vez.* 126, 339.

The estate of the mortgagor, till foreclosure, is taken and deemed to be the legal estate.  He is considered, in law, as well as in equity, seised, and consequently his wife entitled to dower.  The consequence is, that neither the mortgagor, nor his assignee, can purchase an outstanding mortgage, and preserve it as a subsisting title.  But the purchase by the mortgagor, or his assignee, operates as payment of the debt, and extinguishes the mortgage title, and the land is afterwards held free of the incumbrance.  The assignee of the mortgagor cannot set up such purchase, to bar the widow of the mortgagor of her dower, or any other person claiming under him.  7 *John.* 274, *Collins vs. Torrey.*—*Cowen* 460, *Coates vs. Chever.*

The doctrine of merger of estates is said to have been introduced to avoid perplexity and confusion of titles.  It would be manifestly absurd, that the same person, who is seised in fee simple, should at the same time hold a particular estate, as a term of years, carved out of the fee simple.  And more absurd would it be for the same person to hold both a legal and equitable estate as separate and distinct titles to the same property.  Indeed, where both estates are co-extensive—fees simple, for example, as is the present case—no idea can be formed of the possibility of their continuing to exist as distinct and separate titles or estates, when united in the same person.  After the assignee of the

mortgagor has purchased in the mortgage, who sustains the relation of mortgagor, and who that of mortgagee ? If the mortgage is not discharged by the union, by what method can it be afterwards discharged ? Or how can the mortgage title be asserted, and the still existing right of redemption be foreclosed ?

2. If the demandant has judgment on the verdict, as in case of mortgage, it ought to be not for the whole sum he paid *Bartlett*, but only for a proportional part of it. The mortgage to *Bartlett*, besides the land in question, contained another larger tract, which was also conveyed by *John Bassett, sen.* to the demandant. It is therefore apparent, that, by the purchase of the mortgage, he freed his own land from the incumbrance it was under. He is entitled only to such proportion of the sum paid, as the value of the land in question bears to the other tract included in the mortgage. If *Bartlett* had compelled the tenant to pay the whole sum due on mortgage, he might immediately have maintained an action against the demandant for a contribution of his proportional part. The present action, being by demandant instead of *Bartlett*, puts the tenant in no worse situation.

RICHARDSON, C. J. delivered the opinion of the court.

This case does not seem to us to present any question of law, about which there can be any diversity of sentiment, and, to be clearly understood, requires only a plain statement of the facts.

*John Bassett sen.* by two deeds, made at different times, conveyed his farm to *W. Bartlett* in mortgage, to secure the payment of two sums of money. While the farm was thus under mortgage, *Moody* sued out a writ of attachment against *J. Bassett, sen.* and caused the farm to be attached.— About the time this attachment was made, *Bassett* conveyed the farm to *Taylor*, the demandant, subject to *Bartlett's* two mortgages. But *Taylor's* deed was not upon record, when the attachment was made ; nor had *Moody* any notice of it.

*Moody*, having obtained a judgment and an execution, caused his execution to be extended upon a part of the farm ;

and thus became seized of a part of the farm, subject to *Bartlett's* mortgages.

*Taylor* elected not to redeem the land covered by *Moody's* extent, by paying *Moody's* debt ; so that, at length, *Moody* and *Taylor* became severally seized absolutely of several parts of the farm ; while the whole was subject to *Bartlett's* mortgages.

In this situation of the business, the demandant purchased *Bartlett's* two mortgages, and took an assignment of them ; and he now claims to hold the whole farm, until he shall receive from *Moody* a reasonable contribution to the redemption of the mortgages.

To this the tenant objects, that *Taylor* having a right to redeem, and having in fact redeemed the land, the mortgages must be considered as discharged. 2 *N. H. Rep.* 300, *Eaton vs. George.*—7 *John.* 278, *Collins vs. Terrey.*

The demandant admits, that, when he, who has a right to redeem, buys in the mortgage, the debt is extinguished and the mortgage discharged ; but he contends, that the rule is not applicable in this case, because he, in fact, purchased only the right to redeem a part of the land mortgaged ; and such a case is not within the reason of the rule. And we are not aware, that this distinction is an unsound one. When he, who has the right to redeem pays the mortgage money, the mortgage is discharged, because he, who thus pays, becomes absolutely seized of the estate ; he pays his own debt on his own account, and has the benefit of the payment. The mortgage is extinguished ; because the debt is paid by the real debtor to the creditor.

But, in the present case, the land of the demandant, and the land of the tenant, were respectively liable for all the money due on the mortgages ; and either party might have paid the mortgage money, and had his action against the other for a reasonable contribution. 7 *Mass. Rep.* 355, *Taylor vs. Porter.*

And we see no reason, why either of them might not have bought in the mortgages, and held all the land, until a reasonable contribution was paid by the other.

We are therefore of opinion, that the demandant is entitled to judgment. But the defendant may, if he choose, have judgment entered as upon a mortgage.