## W. J. SOUTHERIN, et al. *versus* ROBERT MENDUM.

In order to give a deed of land sufficient authenticity to be recorded in the
  register's office, it is sufficient, if it be acknowledged before a notary pub-
  lic in another state.
When a deed of land is lost, or out of the reach of a party who claims under
  it, a copy from the register's office may be used as evidence.
The interest of a mortgagee in land, is a mere chattel, and when a mortgage is
  given to secure a note payable to bearer, the interest of the mortgagee in the
  land will pass by the mere delivery of the note as an incident to the debt.

THIS was a writ of entry, in which the demandants
counted upon their own seizin of a tract of land in Ports-
mouth, and upon a disseizin by the tenant, and was tried
here, upon the general issue, at January term, 1831, and
a verdict returned in favor of the demandants.

It appeared that one B. R. Rolin, as attorney to Jo-
seph May, on the 2d January, 1827, loaned to the tenant
$350, and that the tenant delivered to Rolin his promis-
sory note for that sum, payable to Joseph May, or bearer,
and that at the same time the said Rolin received from
the tenant a deed conveying the demanded premises to
the said May, in fee and in mortgage, to secure the pay-
ment of the said note.

The demandants then produced and proved the exe-
cution of a deed made by the said Rolin, as attorney of
the said May, by which the note and mortgage were as-
signed to the demandants ; and having shown that the
said Rolin had left the state and gone to parts unknown,
and that diligent search had been made for the power of
attorney under which the said Rolin had acted, and that
it could not be found, they offered in evidence a copy
from the office of the register of deeds in this county,
of a power of attorney, purporting to have been dated
December 9, 1826, to have been executed by May in
Virginia, to have been attested by two witnesses, and to
have been duly acknowledged before a notary public in

Virginia, and recorded in this county, and purporting to empower Rolin to buy and sell real estate in May's name. To the admission of this copy in evidence, the tenant objected, but it was admitted by the court.

The judge, who tried the cause, in his directions to the jury told them, that even if they were not satisfied that Rolin had a power of attorney, still as the demandants had shown that the note was delivered to them by a person who had taken the same as attorney of May, they thus became the legal holders of the note, and, as such, were entitled to maintain an action on the mortgage in their own names, as assignees, without any other evidence of the assignment.

The tenant moved the court to grant a new trial on two grounds.

1st, Because the said copy was improperly admitted in evidence.

2d, Because the jury had been misdirected.

*Hackett* and *E. Cutts*, for the tenant.

The copy of the power of attorney was improperly admitted in evidence. The grounds upon which this copy was put into the case, are not very obvious. Neither the execution, nor the loss, of the original, was proved. The copy could not be received as evidence of what the original contained, supported by less evidence that the original ever had a proper existence, than would have been required to prove the due execution of the original, if that had been produced. The pretended original is of recent date, and if it had been produced, bearing the seal and signature of a notary public, and attested by two witnesses, the court could not have suffered it to be read in evidence, in the absence of all proof that the witnesses and notary public were dead, that efforts had been made to find them, or that the hand writing and signature were genuine. Yet the court permitted this copy to be read without any proof that the original was ever duly executed, that any of the witnesses

Southerin, et al. *v.* Mendum.

Southerin,
et al.
*v.*
Mendum.

were dead, or that the signatures resembled those of persons by whom they purported to be written.

The party offering to introduce evidence of the contents of a lost instrument, must first show it to have had existence as a genuine instrument. Peak's Ev. 184; 1 Starkie's Ev. 2d part, 354; 1 Atkins, 246.

The copy offered must be proved to be a true copy by a witness who has compared it with the original. 1 Starkie's Ev. 355; 1 Phillip's Ev. 348.

In this case the demandants proved neither the genuineness of the original, nor the authenticity of the copy.

If the original ever had an existence, the only evidence tending in any degree to show the loss, is the circumstance that Rolin, the pretended attorney, having absconded in July, 1830, his wife, who had never had the custody of the pretended power, nor knew where it was kept, when her husband resided in Portsmouth, made an unsuccessful search for it. The paper is not traced to her possession. This search by Rolin's wife for an important paper belonging to him, and which, whether forged or genuine, he would keep about his person, does not furnish that evidence of loss or destruction, which could entitle the demandants to use a copy. 1 Phillip's Ev. 347.

This power of attorney in general, is executed with all the formalities and solemnities of witnesses, and a notary public and seal. It gives Rolin plenary powers to perform all functions which are, or can be, in the ordinary course of affairs, delegated, and in all places. This letter of attorney, in order to gain credit to Rolin, or protect those who deal with him, must go with him and be exhibited. For a different, although not weaker motive, Rolin would have carried the instrument with him if it had been forged.

The original not being proved to have had a legitimate existence, there being no proof that the copy offered is even a true copy of the pretended original, and the evi-

dence tending to show a loss of the instrument being of the lowest and most loose kind, we confidently believe that the court will not, by sustaining this ruling, establish mischievous precedents and remove the wholesome barrier against fraud, which former decisions have erected. We also contend that the direction given to the jury, that the transfer of the note to the demandants was a sufficient assignment of the mortgage, was incorrect. By this mortgage, it being in common form, a present estate in fee passed to the mortgagee, and the mortgagor, the instant he executed the deed, became a tenant at sufference to the mortgagee. The only right or interest which Mendum retained, was that of regaining, or purchasing, upon ascertained and fixed conditions, what he had sold and transferred. These conditions were, to all intents and purposes, conditions precedent. 13 Mass. Rep. 229.

The fee and the right of possession being in May, and Mendum having nothing remaining but a right upon certain conditions, which might or might not be performed, to regain a fee to himself by defeating the then existing fee in the mortgagee, May could not by delivering the note in question convey a fee to the demandants. A fee cannot be conveyed in this way. Still, the demandants have a fee, if they have any title. The fee was in May, and if he has parted with any part of his title, the whole is gone.

The demandants count upon their own seizin, but how do they get the actual or legal seizin?

If Mendum's deed vested the fee in May, an assignment or conveyance, in order to pass the title must, under our statute, be by deed. This, for obvious reasons, must be the safer mode. The mortgagor then knows to whom to make his tender, and whose discharge of the mortgage is sufficient. He then knows whom, and how many, to cite before the court, to show cause why his mortgage should not be discharged.

If, in this case, the tenant had procured the release of

the demandants, and it had appeared that Rolin had obtained this deed and note from May by fraud and violence, would such a release be a good answer to May's action ?

On the other hand, if May had not a fee requiring for its legal conveyance or assignment the solemnity of a deed, yet, if by virtue of Mendum's deed he had any " lease, estate, or interest either of freehold or term of years or any uncertain interest of, in, or out of any messuage, land, tenement or hereditament," it could not have been assigned, granted or surrendered, unless by deed or note in writing. 1 N. H. Laws, 535 ; 11 Mass. Rep. 491 ; 15 ditto, 236.

*Goodrich*, for the demandants.

On the trial of this cause we introduced from the registry of deeds, a copy of a power of attorney, without proof of its execution, purporting to have been executed and acknowledged by a notary public in Virginia. Was this copy properly admitted ? The first objection raised by the respondent's counsel is, that the power is not acknowledged by a justice of the peace. The statute giving notaries public concurrent jurisdiction with justices, for the acknowledgment of deeds, is our only answer to this position. It is then contended upon general principles, that this copy was inadmissible. In considering this part of the case, the court will bear in remembrance, that we shew the existence and loss of the original. The ancient strictness of the law relative to the admission of parol evidence, has in modern times yielded to more enlightened principles. The same principle, which admits deeds in evidence without proof of the execution, may be applied to a power of attorney under which it purports to be executed. A copy from the registry may be given in evidence after diligent search and enquiry for the original. 4 Pick. 162 ; 8 ditto, 272.

In England, title deeds are delivered to the purchaser,

and it is reasonable to require him to produce the original deeds to prior grantees.

In this country, the mode of conveyance is different— here the grantee takes only the deed to himself—has no right to the possession of the prior assurances. It is unreasonable, therefore, to require him to produce deeds and subscribing witnesses. A copy from the registry is considered as *prima facie* evidence. 7 Pick. 10.

The reasoning of this case applies with peculiar force to the question now before the court. This power of attorney is not in our custody, and we have no right to the possession.

Where proof of a deed is by copy, subscribing witnesses need not be produced. 9 Pick. 23.

Parol evidence of the contents of a letter of attorney, may be adduced, if the person to whom it was given prove it to have been lost. A deed may be pleaded as lost by time and accident, without profert. 1 Caine's Cases in Error, 28 ; 3 D. & E. 151 ; 1 Espinasse, 337 ; 18 Johns. 60 ; 16 ditto, 193 ; 4 N. H. Rep. 265 ; ditto, 397 ; 3 ditto, 170.

The second question is, in effect, whether an assignment of a debt, for which a mortgage has been given, carries with it the land mortgaged without any other assignment thereof, except of the debt, so as to enable the assignee to maintain an action in his own name.

Upon principle, without reference to authorities, it would seem that an assignment of the principal, necessarily carried with it the incident, or that which is collateral to the principal. *Accessorium non ducit, sed sequitur suum principale.*

A mortgage is but a mere security for the debt, and collateral to it. The debt has an independent existence, and remains with all its original validity, notwithstanding a release of the mortgage. The former is the principal, and the latter an incident, though not an indispensable incident. An assignment of the debt will carry

the mortgaged property. A release of the debt relieves the property. Mortgages do not come within the statute of frauds. They are considered merely as chattel interests. The estate which the parties to a mortgage have, is considered on different principles between the mortgagor and mortgagee, from what it is between the parties and the rest of the world. 2 Gallison, 155 ; 1 Johns. 590 ; 2 Burrows, 978 ; 1 Caine's Cases in Error, 68 ; 18 Johns. 114 ; Powell on Mortgages, 187.

The only case contradictory to the above is *Warden* v. *Adams*, 15 Mass. Rep. 235, and the reading of Judge Trowbridge upon Mortgages, 8 Mass. Rep. 557.

But the cases in Massachusetts, which are irreconcilable with the case of Warden and Adams, are the most numerous, the most recent, and, I apprehend, the most consonant to the liberal doctrines which have prevailed in modern decisions upon the subject of mortgages, both in this country and England. 4 Pick. 131 ; 11 Mass. Rep. 472 ; 7 ditto, 131 ; 8 Pick. 490.

*Mason*, on the same side.

The copy of the power of attorney was, under the circumstances, admissible. Rolin had gone to parts unknown, and due search had been made for the power, and it could not be found. A copy from the record was the best evidence that could be obtained.

It is objected that the power of attorney was not proved. The answer to this is, that it was impossible to prove it unless it were found.

The copy was rightly admitted, and the jury were to judge, whether there were any suspicious circumstances in the case which detracted from the weight usually given to such a copy.

Rolin was, in fact, and acted as, the attorney of May. He lent the money, and took the note and mortgage as such. The note was payable to May or bearer.

Rolin assigned the note to the demandants by delivery, having received of them the amount of the note. The

interest in the note passed by the delivery. Rolin was <span>Southerin, et al. *v.* Mendum.</span> competent to do this without any formal power. The debt then has legally passed to the demandants. The debt is the principal thing, and the mortgage merely an incident. The interest of the mortgagee in the land is personal property, and goes to executors and administrators. The mortgagor continues seized, and his wife is entitled to dower. It is now so held both in the courts of law and of equity. 2 Fonblanque, 526 ; 2 Burrows, 978 ; Douglass, 632.

A parol assignment of the debt carries the mortgage with it. 11 Johns. 536.

But an assignment of the mortgage, without assigning the debt, passes nothing. 19 Johns. 326 ; 2 Cowen, 231 ; 4 Kent's Com. 186.

There is no danger of injury to the tenant. By paying the debt the land will be discharged. The demandants might maintain an action upon the note ; and they have a right to the possession of the land as an incident to their interest in the note. It is like a judgment at common law, which is a lien on the land of the debtor, and where the assignment of the judgment carries with it the lien. The lien attends the debt.

RICHARDSON, C. J. delivered the opinion of the court.

The first question to be decided in this case is, whether the office copy of the power of attorney, was, under the circumstances, properly received in evidence ?

We have a statute which provides, "that when any deed of bargain and sale, mortgage or other conveyance of lands, tenements, or hereditaments shall be made by virtue of any power of attorney, or instrument authorizing any person to execute such deed, or other conveyance, the said power or instrument being recorded in the office where the deed, made by virtue thereof, by law should be recorded, such power having been signed, sealed and acknowledged before a justice of the peace, by the party having lawful right to make the same, a

copy thereof from the records shall be read in evidence, when the original cannot be produced, in the same manner as the copy of the deed made thereby is admitted in evidence."

And we are of opinion that this provision in the statute was intended to put powers of attorney, which have been acknowledged and recorded, on the same ground with the deeds which may have been executed under them ; and that in all cases, where an office copy of the deed may be admissible in evidence, an office copy of the power of attorney is admissible. The only question, then, upon this point, in the cause, is, whether an office copy of the deed which was executed under this power could have been used, if the deed had been lost ?

It is believed, that in all cases, where a party claims land under a deed, the constant practice has been to receive as evidence an office copy, when the deed itself is lost. When a party, who is proving a title to real estate, has occasion to use a deed, to which he is not a party, an office copy is received as *prima facie* evidence without showing the loss of the original ; but when he is a party to the deed, and may be presumed to have it in his possession, he cannot use an office copy until the loss of the original is shown. When, however, the original is shown to be lost, an office copy is in such a case evidence. 1 Starkie's Ev. 368, note ; 7 Pick. 10, *Eaton* v. *Campbell* ; 8 ditto, 272, *Poignard* v. *Smith.*

But it is said that the power of attorney in this case was not duly acknowledged, a notary public out of the state not having authority to take the acknowledgment of deeds. But we are of opinion that when the legislature gave to notaries public in this state authority to take the acknowledgment of deeds, it placed an acknowledgment before a notary on the same ground as an acknowledgment before a justice of the peace ; and that an acknowledgment before a notary public out of the state, is as valid as an acknowledgment before a justice of the peace out of the state.

We are of opinion that the copy was properly received in evidence in this case.

The next question is, whether the direction to the jury, that the demandants, as the legal holders of the note, were entitled to maintain the action in their own names without any other evidence of the assignment, was correct? This direction was given on the ground, that, the mortgage being a mere pledge, or security, the interest of the mortgagee is in reality a mere chattel interest, inseparable from the debt it was intended to secure, and passed to the demandants with the debt as an incident. And in order to settle the question, which now presents itself, the nature of the interest, which a mortgage in fee gives to the mortgagee must be attentively examined.

It is settled, that a mortgage in fee passes to the mortgagee, as between him and the mortgagor, all the estate in the land ; and where there is no agreement to the contrary between the mortgagor and the mortgagee, the latter is entitled to enter and hold the land until redeemed, and may maintain trespass or a writ of entry against any person who may disturb his possession, even against the mortgagor himself. 3 Mass. Rep. 138, *Newhall* v. *Wright ;* 1 N. H. Rep. 169, *Brown* v. *Cram ;* 5 ditto, 54, *Pettengill* v. *Evans ;* 2 Mason's Rep. 531, *Dexter* v. *Harris ;* 9 Mass. Rep. 258, *Estabrook* v. *Moulton ;* 13 ditto, 515, *Green* v. *Kemp ;* 3 East, 449, *Thunder* v. *Belcher.*

The law gives to the mortgage these effects to enable the mortgagee to prevent waste, and keep the land from being lessened in value in any way, and also to enable him to receive the rents and profits, to which he is entitled. But notwithstanding the mortgagee, so far as it is necessary to accomplish these purposes, is considered and treated in law as seized in fee and the owner of the land ; yet still his interest is, in other respects, considered in a different point of view. In order to give him the full benefit of the security and appropriate remedies for any violation of his rights, he is treated as the owner

Southerin,
et al.
*v.*
Mendum.

of the land. But for other purposes, the law looks beyond the mere forms of the conveyance, to the real nature of his interest, and treats his estate in the land as a thing widely different from an estate in fee simple.

Thus it is settled that a mortgagee has no interest in the land, which can be taken by the extent of an execution, until the right to redeem is foreclosed. 3 Pick. 484, *Eaton* v. *Whiting*; 16 Mass. Rep. 345, *Blanchard* v. *Colburn*; 4 Con. Rep. 234, *Huntington* v. *Blanchard*; 4 Johns. 41, *Jackson* v. *Willard*; 13 Mass. Rep. 207, *Portland bank* v. *Hall*.

The reason of this is, that the interest of the mortgagee is not in fact real estate, but a personal chattel, a mere security for the debt, an interest in the land inseparable from the debt, an incident to the debt, which cannot be detached from its principal.

For the same reason, if a mortgagee attempt to convey the land to any person, unless he at the same time transfers the debt, nothing will pass by his deed. 5 Johns. C. R. 570, *Aymer* v. *Bill*.

So the widow of a mortgagee in fee, who dies before the right to redeem is foreclosed, is not entitled to dower. Cro. Car. 190, *Nash* v. *Preston*; Powell on Mortgages, 733—734.

And where a testator, who holds lands in mortgage, by will devises all his real estate, the lands held in mortgage will not pass, although his estate may afterwards, before his death, become absolute by a foreclosure of the right to redeem. It does not pass, because at the time of making the will it was not real estate; and the estate acquired by the foreclosure will not pass, because it was acquired after the making of the will. Powell on Mortgages, 443; 5 Pick. 112, *Ballard* v. *Carter*; 3 Vesey, 348, *Duke of Leeds* v. *Munday*.

When a mortgagee transfers to another person, the debt which is secured by the mortgage, he ceases to have any control over the mortgage. 8 Pick. 490, *Cutler* v. *Haven*.

When the mortgagee dies, the interest in the land goes, not to the heirs, but to the executor or administrator. And the executor or administrator may sustain a writ of entry in his own name to recover the land. And a payment to the heirs of the mortgagee will not discharge the mortgage. 16 Mass. Rep. 18, *Smith* v. *Dyer*; 13 ditto, 309, *Scott* v. *McFarland*; 11 Johns. 534; 2 N. H. Rep. 71, *Bickford* v. *Daniels*.

And when the debt is paid, or tendered to the mortgagee, whether it be before or after the condition broken, the title of the mortgagee is extinguished, and all the interest in the land revested in the mortgagor by mere operation of law. 1 N. H. Rep. 332, *Sweet* v. *Horn*; 3 Mason, 520, *Gray* v. *Jenks, et a.*; 5 N. H. Rep. 252. *Willard* v. *Harvey*; 9 Mass. Rep. 101, *Porter* v. *Millet*; 1 Cowen, 122, *Jackson* v. *Stackhouse*.

It is well settled, that as respects all the world except the mortgagee, the mortgagor is to be considered as the owner of the land. 7 Mass. Rep. 138, *Willington* v. *Gale*.

Thus the heir of the mortgagor must bring a suit to redeem. 9 Mass. Rep. 422, *Smith* v. *Manning*; 13 ditto, 309, *Scott* v. *McFarland*.

The right of the mortgagor is such an interest in the land, that it cannot be passed by parol. 13 Mass. Rep. 311.

It is real estate within the meaning of the statute prescribing the modes in which a settlement may be gained in a town. 2 N. H. Rep. 401, *New London* v. *Sutton*.

Where a man mortgages his land in fee, then marries, and before the mortgage is discharged, or the right to redeem foreclosed, dies, his widow is entitled to be endowed of the equity of redemption. 15 Johns. 319, *Coles* v. *Coles*; 6 Johns. 290, *Hitchcock* v. *Harrington*; 7 John 278, *Collins* v. *Torrey*; 6 Pickering, 416, *Walker* v. *Griswold*; Stearns on Real Actions, 282; 3 Pick. 475, *Gibson* v. *Crehore*; 15 Mass. Rep. 278, *Snow* v. *Stevens*; 1 Con-

nect. Rep. 559, *Fish* v. *Fish*; 1 Johns. C. R. 45, *Tabele* v. *Tabele*; 5 Johns. C. R. 452, *Titus* v. *Neilson*.

The cases which establish this principle, clearly show that the mortgagor is considered as the owner of the land, and as seized of an estate of inheritance, for on no other ground could the widow of a mortgagor in such a a case be entitled to dower.

Thus it seems, that the principles which have been established as to the rights and interests of the mortgagor and the mortgagee, as well in courts of law as in courts of equity, fully confirm what has often been said by judges, that the right of the mortgagee before foreclosure is a mere chattel interest, inseparable from the debt it is intended to secure, and assignable by a mere assignment of the debt without deed or writing. 11 Johns. 534, *Runyan* v. *Mersereau*; Douglas, 610; 2 Burrows, 978; Roberts on Frauds, 275; 2 Gallison, 155; 5 Cowen, 202, *Jackson* v. *Blodget*; 1 Johns. 580, *Green* v. *Hart*.

In general, a mortgage is now viewed in a court of law in the same light as in a court of equity. The debt is the principal thing. The right of the mortgagee in the land is a mere incident inseparable from the debt.

We are aware, that in Massachusetts, the subject is viewed in some respects in a different light, and that it is there held that the interest of a mortgagee cannot be assigned by an assignment of the debt without writing, because the case is within the statute of frauds. 8 Mass. Rep. 559; 17 ditto, 418; 15 ditto, 233.

But in this state, the right of the mortgagee in the land is extinguished, *ipso facto*, under our statute by payment, or tender of payment, even after condition broken.

And we are of opinion, that the interest of the mortgagee passes in all cases with the debt, and that it is not within the statute of frauds, because it is a mere incident to the debt, has no value independent of the debt, and cannot be separated from the debt.

In this case it is supposed that it will be conceded on all hands, that the transfer of the note and the delivery of the mortgage deed to the demandants gave them an interest in the land, which a court of law will recognize and protect. In what does that interest differ from the interest of a mortgage in any case? It gives them a right to enter and hold the land until the debt is paid. And who can set up against them a better title to the land than such a right?

We are of opinion that the direction to the jury was correct.                    *Judgment on the verdict.*