# WILLIAM PICKERING *versus* SAMUEL A. PEARSON.

A suit upon a bond, given by a coroner, to the treasurer of the state, may be maintained in the name of the successor of the person to whom the bond was given.

And in a suit upon such bond, it is not necessary to set out the condition of the bond, in the declaration, or to assign a breach.

DEBT upon a bond, dated January 19th, 1813, made by Benjamin Boardman, as principal, and S. A. Pearson and others as sureties, and payable to Nathaniel Gilman, then treasurer of the state, and his successors in that office. The plaintiff, at the time of the commencement of this action, was treasurer of this state.

The defendant craved oyer of the bond, and also of the condition, which was, that the said Benjamin Boardman should faithfully and impartially, discharge and perform, all the duties incumbent on him as a coroner of the county.

The defendant then demurred to the declaration, and the plaintiff joined in demurrer.

*Young*, for the plaintiff.

*Bell*, for the defendant, contended that no action could be maintained upon the bond, in the name of this plaintiff; and if it could, the declaration was insufficient, because the condition of the bond was not set forth in the declaration, nor any breach of the condition assigned.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended, that this action cannot be maintained, in the name of the successor of the obligee named in the bond. But the law has been long settled to be otherwise in this State. It has often been decided that upon a bond, given to the treasurer of the State, an action may be maintained in the name of his successor, and the reason assigned has been, that such actions have always been sustained in our courts. We are not aware, that any inconvenience has been or can be, the result of the practice; and we shall not hesitate to sanction it. This objection cannot therefore prevail.

It is further contended, that the declaration is insufficient because no breach of the condition of the bond has been assigned.

The statute of February 8, 1791, enacted "that the sheriff of each county shall give sufficient security to the treasurer of this state, for the time being, for the faithful performance of the duties of his office, in all parts thereof."

The statute of June 10, 1791, enacted " that every coroner shall give security in the same manner that sheriffs are obliged by law to do."

The statute of June 22, 1814, section 4, enacted, that in suits upon sheriffs' bonds, the writ should set out the condition of the bond, and assign the breach, or breaches, relied upon in the action.

The statute of June 29, 1829, provides, that bonds shall be given to the county by sheriffs, and that, in every suit upon such bond, the declaration shall set forth the condition, and assign the breach, or breaches, relied upon in the action.

And the statute of July 3, 1829, enacts, that every coroner shall give a bond to the county "and any person injured by the breach of said bond, may commence and maintain an action thereon, in the same manner he might do upon the bond given by the sheriff of any county, if he were injured by the breach thereof."

But we find no provision, in any statute, which makes it necessary to assign any breach of the condition of the bond, in an action upon a bond given by a coroner to the treasurer of the state.

*The declaration is adjudged to be sufficient.*