## WOODES *vs.* DENNETT.

Where a pauper is in need of relief, in a town other than that in which he has his settlement, an application for relief should regularly be made to the selectmen of the town in which he is residing; and if, in such case, application is made to one of the selectmen of the town in which the pauper has his settlement, and he orders supplies to be furnished, the assent of the other selectmen cannot be presumed, so as to charge the town upon the contract, there being, at the time, no existing duty requiring the action of the selectmen.

Where an agreement, made by a selectman, in a case in which he has no authority to act, purports to contain the promise of the town, he cannot be held personally liable upon it, as his own contract; but if it contain words purporting a personal promise, an action of assumpsit may be maintained against him.

If a person, having no authority to act as agent, undertakes so to act in making a contract, and the contract which he makes, rejecting what he was not authorized to put to it, contains apt words to charge himself, he is personally liable upon it.

ASSUMPSIT upon an account annexed, for boarding and

nursing one George Pickering seventeen days, in March, 1832.

Upon the trial, it appeared in evidence that the plaintiff was an inhabitant of Gilmanton, and that said Pickering, who had his legal settlement in Barnstead, was sick at his house, and unable to support himself, at the time mentioned in the account. The plaintiff notified the defendant, who was at the time one of the selectmen of Barnstead, that Pickering was sick at his house, and requested him to see that he was taken care of. The defendant agreed with the plaintiff to take good care of said Pickering; and there was evidence tending to show that the defendant then said to the plaintiff, if Pickering did not pay him he would.

The defendant contended that he made no personal contract, but was acting as selectman of Barnstead; and if any promise was made, it was on behalf of the town, and purported to be the promise of the selectmen. There was evidence to show that in 1833 the plaintiff's bill for boarding and nursing said Pickering, charged to the selectmen of Barnstead, was presented to them, by the plaintiff or by the defendant, who was one of the selectmen that year also, and that they refused to pay it, because the plaintiff had not applied to the selectmen of Gilmanton to furnish relief for said Pickering, according to the statute; but the plaintiff then said, if they did not pay the bill, he would sue the defendant. The other selectmen at that time told the defendant, if he had agreed with the plaintiff to pay the bill, they were willing to pay it; but the defendant said he had not agreed to pay it.

Upon this evidence the court directed a verdict for the defendant, subject to the opinion of this court upon the foregoing case.

*B. Emerson*, for the plaintiff.

*M. Norris*, for the defendant.

Parker, J.   Where a person, within any town, is poor and

in need of relief, it is the duty of the selectmen, or overseers of the poor, of that town, to furnish the necessary relief. *N. H. Laws* 305. And in such case, it has been held that if supplies have been furnished by the order of one of the selectmen, the assent of the others may be presumed by a jury. 3 *N. H. R.* 290, *Lee* vs. *Deerfield.* As the duty thus devolved on the board of selectmen was, in many instances, one requiring prompt action, it was not thought necessary to show that the board was called together in each particular case, before any provision was made for the relief of a suffering pauper ; and it was held that the assent of all, to the act of one, might well be presumed, where the duty of all had been performed.

But this principle cannot be extended to all cases where it may be proper for the selectmen to act. It cannot be applied to the payment of the debts of the town, or to other cases where there is not, at the time, an existing duty requiring the action of the selectmen. The precise limits to which the principle may be extended need not be settled at this time.

We are of opinion that it cannot be applied in this case, because there was at the time when this agreement was made by the defendant, no existing duty requiring the selectmen of Barnstead to provide for the relief of Pickering. If they were satisfied that he had his settlement in Barnstead, they might lawfully act, notwithstanding he was within the limits of another town, and bind the town by a contract for his support. 7 *N. H. R.* 298, *Andover* vs. *Grafton.* But the statute had not imposed upon them the duty of so doing. As Pickering was then in Gilmanton, there was a preliminary inquiry whether he had his legal settlement in Barnstead ; and it was proper that this enquiry should be made by a majority of the board, before any measures were taken charging Barnstead for his support. The duty of providing the relief, in the first instance, was by law imposed upon the selectmen of Gilmanton. The

application should, regularly, have been made to them. The defendant, when the application was made to him, might well have answered, that no duty then devolved upon him, or the board of which he was a member, and that it would be in time for them to act when notified by the selectmen of Gilmanton. And this being the state of the case, we think no assent of the other selectmen to the action of the defendant, under such circumstances, can legally be presumed.

As has already been suggested, the defendant and his associates were not bound to take that course ; and it would undoubtedly have been much better if the other selectmen had sanctioned the agreement of the defendant, and paid the money, as the settlement is not disputed. But the plaintiff cannot compel the town of Barnstead to pay, unless we can fairly presume the assent of the other selectmen to the act of the defendant, which we cannot do, for the reasons above stated.

The only remaining question is, whether this action can be supported against the defendant personally. It may be supposed that he intended to act as a selectman, but he failed to bind the town, because he could not, alone, lawfully act as agent. The official character which he assumed, must, therefore, be laid out of the case, and then the enquiry arises whether he made any agreement upon which an action of assumpsit can be sustained against himself. That he made an agreement is not disputed. If that agreement purported to contain the promise of the town of Barnstead, to pay, there seems to be no good ground upon which to charge the supplies to the defendant, and maintain an action against him on the account. If such were the facts, it seems an action on the case might be sustained against him for assuming to act without authority. 11 *Mass.* 97, *Long* vs. *Coburn ;* 16 *Mass.* 461, *Ballou* vs. *Talbot.* But this is not a necessary course, where the instrument, or contract, rejecting what the person assuming to act as agent was not au-

thorized to put to it, contains his personal obligation. If the defendant used apt words by which to charge himself on a personal contract to pay, this action may well be maintained. Having no other authority, he must be understood in such case to have contracted on his individual account. 2 *N. H. R.* 352, *Underhill* vs. *Gibson ;* 2 *Johns. Cas.* 70, *Dusenbury* vs. *Ellis ;* 5 *Mass. R.* 299, *Thatcher* vs. *Dinsmore ;* 6 *Mass.* 58, *Forster* vs. *Fuller ;* 3 *Barn. & Ald.* 47, *Burrill* vs. *Jones ;* 1 *Cowen* 536, 540, *Mott* vs. *Hicks ;* 2 *Bro. & Bing.* 460, *Childs* vs. *Monins.*

Where an individual put the name of a third person to a promissory note, without authority, and procured it to be discounted at a bank, it was held that the bank might declare against him as a promisor. 4 *N. H. R.* 23, *Grafton Bank* vs. *Flanders.* He would not be the less liable, if his own name was subscribed to the note as agent of such third person. There are numerous cases where agents failed to bind their principals, and were held to be personally liable on the contracts. 1 *Greenleaf R.* 231, *Stinchfield* vs. *Little ;* 11 *Mass.* 54, *Mayhew* vs. *Prince ;* 12 *Mass.* 173, *Arfredson* vs. *Ladd ;* 9 *Johns.* 334, *Taft* vs. *Brewster.*