## DEARBORN *vs.* DEARBORN, Jr.

Where the terms of the condition of a mortgage show the intention of the parties that the mortgagee should retain possession of the premises until condition broken, the mortgagee cannot maintain a writ of entry without evidence of such breach or of waste.

Where the condition of a mortgage is, among other things, to furnish support for the mortgagee and his wife, and the use of one third part of the house upon the premises, during their lives; it is not a breach of such condition for the mortgagor to push the wife out of the house, and to continue the assault after she is out; there being no controversy about the right to occupy, nor any denial of the legal title of the mortgagee, or his wife. Such proceeding, under such circumstances, can be regarded as no more than an aggravated assault and battery.

WRIT OF ENTRY, to recover seizin and possession of a tract of land in Bedford, being the former homestead of the plaintiff.

It appeared in evidence that on the 9th day of March, 1835, the plaintiff conveyed the farm to the defendant, and at the same time took a mortgage from the defendant, of the same premises, the condition of which was as follows, viz.: "That whereas the said Sherburn Dearborn has deeded his 'farm, in Bedford aforesaid, to his son Sherburn Dearborn, 'Jr., in consideration of furnishing him, the said Sherburn 'Dearborn, and said Sarah, his wife, with all needful support

'during their natural lives, with doctoring and nursing in
'case of sickness, with a horse to use, when needful, and
'money when needed, not to exceed ten dollars per annum,
'and the use of one third part of the house on said premi-
'ses during the natural lives of the said Sherburn, and Sarah
'his wife, unless the said Sarah shall choose to take her
'dower in the aforesaid premises, in which case the said
'Dearborn, Jr. shall not be 'bound by the aforesaid obligation,
'or conditions to maintain the said Sarah, as aforesaid, after
'the decease of her husband, the aforesaid Dearborn.  Now
'if the said Sherburn Dearborn, Jr., his heirs, executors or
'administrators, shall faithfully execute and perform the
'aforesaid conditions and agreements, without fraud or eva-
'sion, according to the true intent and meaning of the same,
'then this deed to be null and void, otherwise to remain in
'full force and virtue.''

The plaintiff contended that it was unnecessary for him
to show a breach of the condition of the deed, as a condition
precedent to his recovery in the present suit ; but the court
ruled otherwise, to which ruling the plaintiff excepted.

In order to show a breach of the condition, the plaintiff
introduced a witness, who testified that as he was passing by
the house situated on the demanded premises, he saw the
wife of the defendant come out of the house, and beckon to
the defendant, who went into the house.  Soon afterwards
the witness heard a noise in the house, and saw the defend-
ant push his mother, Sarah Dearborn, out of the door of the
house, and kick her after she was out.  This was before the
suing out of the writ, and after the conveyance aforesaid.

The defendant contended that this testimony did not show
a breach of the condition of the deed.  A verdict was taken
for the plaintiff, subject to be set aside, and a new trial grant-
ed, if the court should so direct.

*Farley*, for the demandant, said, the first question was
whether it was necessary to prove that the condition of the

mortgage had been broken. If not, the plaintiff was of course entitled to hold the verdict.

If, however, it was necessary for the plaintiff to show a breach of the conditions, he contended that the spirit of the contract was that the parents should be treated with proper care and respect. The defendant was bound to furnish all needful support, &c. It amounted to a general obligation to take proper care of them.

*C. H. Atherton*, and *Dodge*, for the tenant.

Parker, J. The mortgage was made to secure the performance of acts to be done by the mortgagor for a period during the natural lives of the mortgagee and his wife ; and it is not to be supposed that the parties contemplated that the father should take, and hold during his life, the possession of the farm which he had just conveyed to his son, (and which probably furnished the main consideration for the agreements, to secure the performance of which the mortgage was given), if the son continued to fulfil the agreement to support his parents. Besides, the contract of the son to furnish the use of one third of the house on the premises, is inconsistent with an idea that the father, as mortgagee, had the right to take and hold possession of the whole ; raising an implication that the mortgagor was to retain the possession, to enable him to fulfil the condition. 2 *N. H. R.* 453, *Hartshorn* vs. *Hubbard.* Perhaps evidence of waste would be sufficient, as the parties could not have intended that the security of the mortgagee should be thus impaired.

By the condition, the mortgagor was to furnish support for the mortgagee and his wife, and the use of one third part of the house—the next question to be settled is, whether it is a breach of this condition to push the wife out of the house, and kick her afterwards.

A refusal to permit the husband or wife to occupy their third would be a breach of the condition, if the third had

been set off; and a forcible ejectment from it, under any pretence of claim, or upon a controversy about the right, would be quite as clear a breach. And if no division had been made, but the parties were living together, as tenants in common of the house, it could make no difference. The mortgagor would be no better entitled, in such case, to hold the other parties out, or forcibly turn them or either of them out. If he did either, upon any controversy about the right, or any claim of title, he could not be said to furnish them one third part of the house.

But the question here is, whether any force used, by which the party is ejected, for an instant, from the house, must not, in order to amount to a breach of the condition, be in some way connected with a controversy about the right? whether it must not be under some claim to hold out, or turn out, or at least some denial of the title of the party to remain? or whether the evidence of a mere assault within the house, or pushing from the door, without any explanatory circumstances, will be sufficient? Here is no evidence that there has been any denial of the right of the party to occupy; no evidence that the wife of the demandant was pushed from the door upon any dispute about the possession. There is nothing, therefore, to change the nature of the case from that of a mere assault and battery; and we are of opinion that it is so to be regarded, although it is one of an aggravated nature, being by a son upon the person of his mother.

The condition of the mortgage is not an obligation to keep the peace; and every breach of the peace, even within the house, is not therefore to be regarded as a breach of the condition. If a party should lease land, with a covenant for quiet enjoyment, and the lessor, afterwards, being upon the land, should, upon some controversy independent of the tenancy, commit an assault upon the lessee, that could not be regarded as a breach of the covenant; and so of this case.

The obligation to furnish support does not include within it a stipulation to treat with reverence or affection.

The facts disclosed in this case indicate that the residence provided for the demandant and his wife, with the tenant, may not prove to be such a quiet asylum as is desirable for the parents, and show a great disregard of filial duty ; but we cannot for these reasons bend the principles of the law so as to furnish an extraordinary remedy, or hold any thing to be a breach of the covenant which is not fairly within its scope and meaning. The verdict must, therefore, be set aside, and a

*New trial granted.*