RIGNEY *vs.* LOVEJOY.

Until proceedings are had for the purpose of enforcing a mortgage, the interest of the mortgagee may be assigned without deed, by a parol transfer of the debt and mortgage.

And the assignee may maintain an action upon the mortgage in his own name, notwithstanding the evidence of the debt is not in form negotiable, or is not assigned in such manner that he can maintain a personal action in his own name upon that.

No action can be maintained upon a mortgage, in the name of the mortgagee, after the mortgage has been assigned so that the assignee can maintain an action in his own right.

IN ERROR. The original action was a writ of entry, to recover a tract of land in Lancaster. From a bill of exceptions, filed in the case, and which came up as part of the record, it appeared that the title set up on the part of the plaintiff was under a mortgage executed by one Samuel Smith to Lovejoy, the original plaintiff, to secure the payment of a note made by Smith, and payable to Lovejoy or order.

On the part of the defendant Rigney, it appeared in evidence that at the commencement of the suit the note was the property of one Francis Willson, for whose benefit the action was brought, the note having been sold and delivered to him by Lovejoy before the commencement of the suit, but it was not indorsed by Lovejoy. It appeared also that on the back of the mortgage was the following assignment, to wit: "May 19, 1837. I hereby, for value received, transfer and assign the within mortgage to Francis Willson, for his benefit. Artemas Lovejoy." The mortgage deed, with the assignment thereon, before the commencement of the suit was sold and delivered, with the note, as aforesaid, to said Willson.

On this state of the case, the defendant's counsel requested the court to charge the jury that the evidence was incompetent and insufficient to maintain the issue on the part of the plaintiff, and that Willson only could maintain the suit. But the court declined so to charge the jury, and did instruct them that under the circumstances and evidence in the case, the action was sustainable in the name of Lovejoy, for the benefit of Willson ; to which instructions the defendant excepted, and, judgment having been rendered for the plaintiff, brought this writ, assigning for error that the suit could not be maintained in the name of Lovejoy, and that the instructions to the jury were erroneous.

*C. Ainsworth*, for the plaintiff in error. A tenant in a real action may, to disprove the demandant's seizin, show a title in a third person. 2 *N. H. R.* 522, *Bailey* vs. *March ;* 6 *Mass. R.* 418, *Wolcott* vs. *Knight.* The mortgagee has only a chattel interest, and the mortgage is a mere security for the debt, assignable by a mere assignment of the debt, without deed or writing. 4 *Kent's Com.* 159–60, *and cases there cited ;* 4 *Conn.* 235 ; 7 *Mass. R.* 138 ; 4 *Johns.* 41 ; 2 *Greenl.* 132 ; 3 *Pick. R.* 484 ; 5 *N. H. R.* 430 ; 7 *N. H. R.* 94 ; 11 *Johns.* 534 ; 1 *Johns. R.* 580 ; *Doug.* 610 ; *Roberts on Frauds* 275.

The debt, generally speaking, is considered to be the principal, and the land only the incident ; and discharging or forgiving the debt, with the delivery of the security, any time before foreclosure, extinguishes the mortgage. So an assignment of the debt by deed, by writing simply, or by parol, is said to draw the land after it as a consequence, and as being appurtenant to the debt. The one is regarded as the principal and the other the accessory. 4 *Kent's Com.* 194–5.

If a party pay the mortgagee the money due on the mortgage, and the mortgage and the debt are cancelled and discharged, he may become the assignee of the mortgage, and entitled to the land until the money is paid to him, ( 1 *N. H. Rep.* 167 ; 7 *N. H. Rep.* 99, 100, *and cases cited ;* 6 *Johns. C. R.* 395, *Starr* vs. *Ellis,*) and substituting him who pays in the place of the mortgagee. 7 *N. H. Rep.* 100, *Robinson* vs. *Leavitt.*

The debt may be held still to subsist, in him who paid the money, as assignee, so far as it ought to subsist, in the nature of a lien upon the land ; and the mortgage be considered in force for his benefit, so far as he ought in justice to hold the land under it, if it had actually been assigned. 7 *N. H. Rep.* 101, *Robinson* vs. *Leavitt.*

The mortgagee sold his debt to Willson, by delivering the note, which was the evidence of the debt, to him, and assigned the mortgage by which that debt was secured, and thereby ceased to have any control over the mortgage. 5 *N. H. Rep.* 430 ; 8 *Pick.* 490, *Cutler* vs. *Haven.*

If the mortgagee, after assigning the mortgage and delivering the note, as in this case, had left the country, or deceased intestate, and this suit had been commenced in the name of Willson, could the tenants in this case then have made a good defence, on the ground that the note was not indorsed, and that Willson could not maintain the suit for that reason ?

Rigney *v.* Lovejoy.

In the case of *Hills* vs. *Elliot*, 12 *Mass. R.* 26, where there was an assignment of the mortgage to the demandant, and the note secured was not negotiable, Parker, C. J. says, that when the mortgagee makes a deed of assignment upon the back of the mortgage deed, or by a separate instrument referring to it, the assignee is put in the place of the mortgagee to all intents and purposes, unless a different intention is apparent from their contract.

If, then, the plaintiff has no interest in the demanded premises, he has no cause to question the tenant's title.

If the legal estate in the land did not pass by the assignment, great inconvenience would follow ; for the assignee must then use the name of the assignor, if living, or if dead of his executor or administrator, and might be embarrassed in obtaining a legal title after judgment and execution.

In the case of *Gould* vs. *Newman*, 6 *Mass. R.* 239, the mortgage was to secure the payment of a bond, on which a suit was commenced and judgment recovered in the name of the assignor, but not satisfied; and the court say, notwithstanding these proceedings, the assignee would be entitled, on his action to foreclose the mortgage, to have the conditional judgment entered in his own name, unless the judgment on the bond be satisfied.

*Wells*, for the defendant.

Parker, C. J. The principles which must govern this case have been stated to a very considerable extent in *Southerin* vs. *Mendum*, 5 *N. H. Rep.* 420 ; *Smith* vs. *Moore*, (11 *N. H. Rep.* 55,) and several other cases decided in this court.

Not a little of the difficulty which has existed in relation to conveyances and transfers by means of mortgages, has arisen from a supposition that the mortgagee must be considered as the owner of the legal estate from the time of the execution of the mortgage, and a belief that rules should be

applied to conveyances in mortgage, similar to those which govern other transfers of land by deed.

But a careful consideration of the nature and qualities of a mortgage has shown, that, until enforced by the mortgagee, it does not possess some of the most prominent characteristics of a transfer of real estate, or is not attended with some of the usual results which ordinarily accompany a conveyance of land, and that it cannot therefore be subjected to all the rules which govern such conveyances.

Thus, before an entry under the mortgage title, or an assertion of it in some other mode, the mortgager is regarded as the owner of the land, notwithstanding the mortgage. 5 *N. H. Rep.* 420. The mortgagee until that time has no interest in the land which can be taken by his creditors. 5 *N. H. Rep.* 430; 6 *N. H. Rep.* 559, *Sissons* vs. *Bicknell;* 9 *N. H. Rep.* 20, *Kelly* vs. *Burnham.* Even if he have obtained judgment on his mortgage. *Ditto* 69, *Glass* vs. *Ellison.* Nor any title to the rents and profits, 5 *N. H. R.* 529, *Cavis* vs. *McClary.* Nor is he entitled to notice of the laying out of a highway over the land, or to have the damages assessed to him. 11 *N. H. Rep.* 298, *Parish* vs. *Gilmanton.*

Nor has he any interest which he can convey separate from the debt. The assignment of the mortgage deed, without a transfer of the debt, conveys nothing. And so of an absolute conveyance of the land by a separate deed before entry. 5 *N. H. Rep.* 420 ; 6 *N. H. Rep.* 205, *Bell* vs. *Morse ;* 11 *N. H. Rep.* 62, *and auth. cited ; Ditto* 274, *Ellison* vs. *Daniels.*

If necessary to the performance of the condition, or if such may be inferred as the intention of the parties, the mortgager may hold possession, and the mortgagee cannot enter until the condition is broken or waste done. 2 *N. H. Rep.* 453, *Hartshorn* vs. *Hubbard ;* 9 *N. H. Rep.* 117, *Dearborn* vs. *Dearborn ; Ditto* 201, *Flanders* vs. *Lamphear.*

If the mortgagee die, the mortgage goes to the administrator, as personal estate, and not to the heir, except after foreclosure. 2 *N. H. R.* 72, *Bickford* vs. *Daniels.*

It will not pass by the mortgagee's will of real estate, and his widow will not be entitled to dower, if there be a redemption of the mortgage.

⟨ But the widow of the mortgager, notwithstanding he may have had merely an instantaneous seizin, is entitled to dower against any one except him who holds under the mortgage itself. 6 *N. H. Rep.* 25, *Cass* vs. *Martin ;* 10 *N. H. Rep.* 504, *Bullard* vs. *Bowers.* And not only will payment of the money before the day operate to defeat the conveyance, but, by our statute, payment, or tender of performance, with the damages and costs occasioned by the non-performance, after the day, but before foreclosure, will have the same operation. *N. H. Laws (Ed.* 1830) 486.

Payment of the debt, by a third person having an interest to protect, may operate as an assignment, even if the mortgage be formally discharged. 7 *N. H. Rep.* 99, 101, *Robinson* vs. *Leavilt, and auth. cited.* And an assignment in form may operate to pass the legal estate, or as a discharge of the mortgage, according to the justice of the case and the just intent of the parties. 7 *N. H. Rep.* 100; 8 *N. H. Rep.* 429, *Bailey* vs. *Willard ;* 5 *N. H. Rep.* 252, *Willard* vs. *Harvey ;* 3 *N. H. Rep.* 294, *Taylor* vs. *Bassett.* And a surety may be entitled, by way of subrogation, to the benefit of a mortgage, executed by his principal.

⟨ The principles thus stated show, very conclusively, that before entry by the mortgagee, and until he elects to enforce the mortgage against the land, it is only a chattel interest; a security for the debt, or a charge upon the land.⟩ 5 *N. H. Rep.* 420 ; 9 *N. H. Rep.* 55.

⟨ But it is necessary that the mortgage should be executed in the first instance with all the formalities essential to the conveyance of real estate, in order that it may so operate whenever the mortgagee, or the person holding his right, is desirous of enforcing his security. It is a potential conveyance of the legal estate ; and whenever he sees fit to make that election, the mortgage becomes, in his hands, a convey-

Rigney v. Lovejoy.

ance of the legal estate for all purposes necessary to the protection of his interest, and to enable him to avail himself of the security.

Thus, whenever he elects to proceed upon the mortgage, he is by it invested with the seizin of the estate ; 1 *N. H. Rep.* 169, *Brown* vs. *Cram.* And the whole legal estate of the mortgager. 9 *N. H. Rep.* 69 ; 11 *N. H. Rep.* 55. And so for the prevention of waste and the diminution of the security, and to enable the mortgagee to take the rents and profits towards the satisfaction of his debt. 5 *N. H. Rep.* 420 ; 11 *N. H. Rep.* 274.

It is but a consequence of these views in relation to the nature of mortgages, to hold, that until the assertion of a right against the land under the mortgage, the chattel interest, or security which the mortgagee holds, may be assigned without deed,—that the security for the debt (which is but an incident to the debt, and ceases upon the extinguishment of the debt,) will pass by a parol transfer of the debt, (*5 N. H. Rep.* 420,)—and that an assignee of the debt may therefore be assignee of the mortgage without any conveyance by deed or writing, and may then enforce the security in his own name, in the same manner that the mortgagee himself might have done, and with the same effect.

A deed is not required to transfer a security, which constitutes no interest in the land which can be taken by creditors ; which does not entitle the holder to the rents and profits, or to damages, if a portion of the land be taken for a highway ; and which, in fine, until the assertion of it against the land, under the deed, confers upon the grantee none of the rights of an owner. Until such time as it is to be regarded and treated as a conveyance of the legal estate, the requisites for the conveyance and transfer of real property do not attach to it; and it is for this reason that it may be assigned without them.

When it is transferred by operation of law, as in the case of payment of the mortgage money by a third party having an interest to protect, there is of course no deed.

Nor is there any necessity that a deed should be required for the transfer of this interest, in order to protect the rights of the mortgager, or of third persons, any more than it is necessary that there should be a deed in order to a valid conveyance of the debt upon which it is dependent. The mortgager cannot lose his estate, or his rights, without notice who holds the title. And creditors of the mortgagee, or his assignee, cannot seize it, and have therefore no occasion for notice who holds it.

The mortgage having been duly executed and recorded, and the charge having been thus fixed upon the land, and notice of it having been given by the record, all persons who may deal with the mortgager are put upon enquiry whether it still exists or has been satisfied. And in pursuing this enquiry there can be but little difficulty in ascertaining who holds it, if it exist :—no greater than ordinarily arises in an enquiry who holds the debt, for the purpose of ascertaining to whom payment is to be made.

If it has not been recorded, and there is no notice, third persons cannot be affected by it.

In the present case there was an assignment of the debt, by a transfer sufficient to authorize the assignee to recover it to his own use ; and there was also an assignment of the mortgage, in writing. This latter fact, however, may be regarded as unimportant. If the debt were not transferred in such a manner that the assignee could, under the rules of law, maintain a personal action, in his own name, upon the note, no such difficulty existed in relation to the assignment of the mortgage by means of the transfer of the debt. An assignee of a mortgage may maintain an action in his own name upon it. And we are not aware of any distinction in this respect, by reason of the particular mode of the assignment, whether it be by deed, or by parol. Nor does any good reason occur to us why we should make a distinction, in this respect, and hold that an assignment by deed would authorize the assignee to maintain an action in his own name,

Rigney *v*. Lovejoy.

while one who became assignee of the mortgage, as an incident, by reason of a transfer of the debt, must bring his action in the name of the mortgagee, or some prior assignee. It is sufficient that the mortgage is assigned, so that the assignee is entitled to the benefit of it./ When that is done, he may assert his right in his own name, in a real action upon it. ⟨And this notwithstanding the debt is not negotiable, or is not assigned in such manner that he can maintain a personal action, in his own name, upon that. It has been settled, in Massachusetts, that an assignee of a mortgage may maintain an action in his own name upon it, notwithstanding judgment has been recovered upon the note in favor of the mortgagee. And the case shows that it is not necessary that there should be a right to maintain an action upon the debt, and another upon the mortgage, in the name of the same person. It is enough that he has the right to both, to give him a right to enforce the title to the land in his own name. 6 *Mass. R.* 239, *Gould* vs. *Newman.*

When Willson, the assignee in this case, saw fit to assert a title to the land, for the purpose of availing himself of the security, he should have done it in his own name. The security had been transferred from Lovejoy, the mortgagee, to him, and no title could afterwards be set up in Lovejoy, for he had no interest to protect, nor was he a trustee, holding the land, or the mortgage, for the benefit of his assignee. The ruling of the court was therefore erroneous, and the

*Judgment must be reversed.*