## LYMAN *v.* HIBBARD.

Until a mortgagee has entered, or exercised some claim of ownership of land, no action will lie against him to recover possession of the land.

The proper way for the defendant to defeat such action is by plea in abatement.

WRIT OF ENTRY.   Plea in abatement, alleging that before the purchase of the original writ in this action one Joseph Dodge was seized of the demanded premises in fee, and by his deed of mortgage, duly executed, acknowledged and recorded, on the 2d day of September, 1845, conveyed the premises to the defendant in fee and in mortgage, to secure the payment of Dodge's promissory note, dated, &c.

The defendant averred that he had never entered upon the demanded premises, or been in possession thereof, under his mortgage deed, or in any other way ; and that he has nothing in the demanded premises, and that he had nothing therein on the day of the purchase of the writ, nor at any time afterward, except his said interest therein under and by virtue of his mortgage deed, the fee and freehold thereof being then, and ever since, in Dodge.

To this the plaintiff demurred generally.

*Livermore* and *Bellows*, for the plaintiff.

*Hibbard* and *Wilcox*, for the defendant.

PARKER, C. J.   This action cannot be maintained consistently with the views repeatedly taken here on the nature of a mortgage, and the rights of a mortgagee.

We have held that the mortgagee is not to be regarded as the owner of the land, except at his election, and for

the preservation of his rights; that the mortgage is a mere security, or charge upon the land, but not a title, until the mortgagee sees fit to assert his rights as the owner of the estate. This doctrine is laid down in *Southerin* v. *Mendum*, 5 N. H. Rep. 420; and it is stated and explained at large in *Smith* v. *Moore*, 11 N. H. Rep. 55, and in *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247.

The defendant, having never entered or asserted any title, cannot be treated as the tenant of the freehold, or in fact as having any possession, and the objection is well taken by the special plea of *non tenure*, in this case, which will not preclude him from hereafter asserting title under his mortgage. A disclaimer would not be a proper pleading for him.

*Writ abated.*