LANGDON & SCOFIELD *v.* ROSWELL R. KEITH.

*(In Chancery.)*

Washington,
*March,*
1837.

1. When all the notes, secured by a mortgage, are assigned, the mortgage passes with them, but when a part only are assigned, whether the whole mortgage, or a proportionate part, or any interest therein, is assigned, depends on the real contract and actual agreement of the parties.

2. If an assignment of the whole mortgage be made by mistake, instead of a part, that may be corrected, in chancery, by a bill brought for that purpose, against the proper parties.

3. But if such assignee has conveyed, for a valuable consideration, to a *bonâ fide* purchaser, without notice of any mistake or claim by the original mortgagee, no decree will be made against him, to the prejudice of his interest, subsequently accruing.

This was a bill in Chancery stating, in substance, that the orators, as administrators of Eleazer Scofield, held a certain mortgage against one Mead, which was given to secure certain notes therein named ; that afterwards, and in pursuance of a decree in Chancery, they assigned to Jos. Reed, in trust for certain infants and *femes covert,* all the notes mentioned in said mortgage except one of fifty-five dollars, and on that occasion assigned said mortgage to said Reed, the material part of which assignment was in these words : " We do hereby grant, bargain, sell, "transfer and make over to the said Reed, his heirs, executors, " &c., the above mortgage deed, and premises therein described, " and the notes in the condition of said deed mentioned, except " the fifty-five dollar note, to have and to hold," &c. they, the orators, supposing the effect would be that Reed would hold the mortgage as well for them, to secure said fifty-five dollar note, as to secure those assigned to him. Afterwards, Reed for a valuable consideration sold and assigned said notes and mortgage to the defendant. The defendant afterwards made advances to Mead, the mortgagor, and took another mortgage on the same premises to secure the same. The orators pray that Keith may be decreed to hold this first mortgage for the orators' security of the fifty-five dollar note, and to suffer proceedings thereon to be taken for their benefit, or to pay them the same, or for other relief, Mead being insolvent.

To this there was demurrer.

*L. B. Peck, for the Orators.*

*W. Upham, for the defendant.*

The opinion of the court was delivered by

Washington,
March,
1837.

Langdon &
Scofield
v.
Keith.

COLLAMER, Chancellor. When all the notes, secured by a mortgage are assigned, the mortgage passes. When a part are assigned and a part retained, it is entirely a matter of contract between the mortgagee and the assignee, how and for whose benefit the mortgage shall be holden. It is mere matter of intention and mutual understanding between the parties, which must be ascertained by courts, when appealed to, like all other questions of contract, intention or understanding, from the declarations and acts of the parties, and the facts, which the testimony developes. In the case of *Wright* v. *Parker,* 2 Aik. Rep. 212, the chancellor in giving the opinion says: "If the mortgagee choose to assign *all* his interest in the mortgaged premises, to secure but a part of the notes therein, assigned by him, he has a right so to do, and in such case, no interest in the premises could remain to him." The deed of assignment in this case, is in these words : "We do hereby give, grant, bargain, sell, transfer, and make "over to said Reed, his heirs, &c., the above mortgage deed, "and the premises therein described, &c., and the notes therein "mentioned, except the fifty five dollar note." Now this clearly conveys the *whole mortgage* and all the notes, except one. Whether that was yet unpaid, or whether it had been collected does not appear from the deed. The orators allege that the assignment was so made by them under a mistake, they supposing they should still have an interest. If this deed is different, in its legal effect, from the contract, and is, by an actual mistake, drawn differently from the actual understanding of the parties, it may be corrected in chancery. This bill, however, is not framed with a view to such an effect. Reed is not a party, nor does it contain any sufficient allegations of mistake or accident.

It is however to be considered, that there comes in here a third person, Keith, the defendant. He purchases for a valuable consideration and on the strength of this deed of assignment, so expressed, and without any notice of claim by the orators, or of any such debt still existing, or, more especially, of their having still an interest in this mortgage, contrary to the express language of their own deed. Considering the notes he purchased as the only lien on the land, he has made advances and taken an additional mortgage. To say now that this first mortgage shall be enforced by Keith, for the orators, and they be thereby preferred to his second mortgage, would be to spring a trap upon him,

resulting from the act of the orators themselves, and might produce a result highly inequitable.

It is, however, true that, as against Mead, this mortgage may be kept on foot, for the security of all for which it was given, until paid by him or legally discharged. The orators may, therefore, have the right to pay Keith both his mortgages, and redeem, as to him and them, and hold the mortgages for all the debts therein mentioned against Mead.

The orators declining this relief, the demurrer was allowed, and the bill dismissed.