## Page & a. v. Pierce.

An assignment by a mortgagee of one of several notes, secured by the mortgage, is *pro tanto* an assignment of the mortgage.

The assignee of such note, the others having been paid, may maintain in his own name a writ of entry to foreclose the mortgage.

An assignment of a part of the notes secured by the mortgage, accompanied by an assigment of the mortgage itself, and of all the mortgagee's right to the premises conveyed thereby, does not extinguish his interest in the property, as security for one of the notes retained by him, and subsequently assigned to another.

Such assignee of the mortgage and of part of the notes, on receiving payment of such notes from the mortgager, cannot discharge the mortgage, so as to prevent the assignee of the other note from maintaining against the mortgager an action to foreclose the mortgage.

WRIT OF ENTRY, brought by the plaintiffs to foreclose a mortgage, made by the defendant to Hiram Munger, and which they claim to hold by virtue of the sale and indorsement to them of a note secured thereby.

The case was submitted to the court upon papers exhibited by the parties.

The first was a mortgage deed, conveying the premises from the defendant to Hiram Munger, for the security of five notes for one hundred dollars each, payable to Munger, or order, at different times, one of which, being the last payable, and indorsed before maturity to the plaintiffs, is in these words:

Manchester, January 1, 1849. One year and six months from date, for value received, I promise to pay Hiram Munger, or order, one hundred dollars, and interest after that time.

$100,00

CHS. PIERCE.

Hiram Munger, without guarantee.

The other papers were the following copies from the registry of deeds.

*Hiram Munger's assignment of the above mortgage to Pliny Cadwell, vol. 252, p. 184.*

Know all men by these presents, That I, Hiram Munger within named, in consideration of four hundred dollars, to me paid by Pliny Cadwell of Chicopee, in the county of Hampden and Commonwealth of Massachusetts, do hereby grant and assign to the said Pliny Cadwell, the within mortgage and the four first-named notes thereby secured, and all my right to the premises thereby conveyed or held by virtue of the within mortgage. In witness whereof I have hereunto set my hand and affixed my seal, this eighteenth day of January, eighteeen hundred and forty-nine.

HIRAM MUNGER, [seal.]

Signed, sealed and delivered in presence of—

G. W. MORRISON,
BENJ. F. AYER.

State of New Hampshire, Hillsborough, ss. Personally appeared the above-named Hiram Munger and acknowledged the foregoing instrument to be his free act and deed. Before me,

G. W. MORRISON, Justice of the Peace.

Dated January 18th, 1849.

Hillsborough, ss. Received and recorded January 20, 1849, and examined by

L. M. KIMBALL, Register.

The foregoing assignment was written on back of deed recorded vol. 252, page 183.

Hillsborough, ss. February 28, 1851. A true copy of record and examined.

Attest, WM. WETHERBEE, Register.

*P. Cadwell's discharge to Charles Pierce. Discharge is written on margin of record,* vol. 252, p. 183.

Chicopee, December 14, 1850.

Received on the within mortgage four hundred and thirty-nine dollars and fifty cents, it being the amount of the four notes which I hold on said mortgage, and I hereby discharge the mortgage.

P. CADWELL.

Hillsborough, ss. Received January 16, 1851. Recorded the above discharge, and examined by

WM. WETHERBEE, Register.

Hillsborough, ss. February 28, 1851. A true copy of record and examined.

Attest, WM. WETHERBEE.

*Cross,* for the plaintiffs.

The mortgage, in this case, was given to secure five notes. Four of the notes were afterwards indorsed to Pliny Cadwell, and at the same time a written assignment made upon the mortgage, of the four notes, and all the rights of the mortgagee to the premises held by the four notes. The mortgage, with the four notes, was delivered to Cadwell. But the assignment of a mortgage, and a part of the notes secured thereby, does not operate an assignment of the others secured. *Stockton* v. *Johnson,* B. M. Ky. Rep. 408, cited in

U. S. Digest for 1848, p. 281 ; *Daniels* v. *Edwards*, 2 Pick. 617. Munger, the mortgagee, transferred this fifth note before it came due, to the plaintiffs, and by that act of indorsement and sale, transferred to the plaintiffs the claim upon the land, which he retained in himself at the time he assigned the four notes. The notes are the principal, the mortgage the incident. 2 Greenl. Cruise 68. The mortgage, of itself, has no determinate value. The land is but appurtenant to the debt, and whoever owns the debt owns the mortgage.

In *Martin* v. *Mardler*, 2 Burr. 978, Lord *Mansfield* says : " A mortgage is a charge upon the land, and whatever would give the money will carry the estate in the land along with it, to every purpose. The estate in the land is the same as the money due upon it. It will be liable to debts; it will go to executors ; it will pass by a will, not made and executed with the solemnities required by the statute of frauds. The assignment of the debt, or forgiving it, will draw the land after it as a consequence.; nay, it would do it though the debt were forgiven only by parol, for the right to the land would follow notwithstanding the statute of frauds."

We contend, therefore, that the indorsement and transfer of this fifth note carried the mortgage as an incident with it ; that no delivery or formal transfer of the mortgage is necessary, and that these plaintiffs, holding the note, indorsed and delivered to them, have the right to maintain this action to foreclose the mortgage. The first four notes have been paid, and the mortgage discharged of all claim except what is held by the fifth note.

As Cadwell had no interest in the fifth note, he could not discharge it, and by his discharge, which appears of record, discharged only the four notes and the mortgage lien held by the four notes.

Mr. Hilliard, in his work on mortgages, 1 vol. 167, § 10, says : " The prevailing doctrine on this subject undoubtedly is, that an assignment of the debt carries the mortgage with it." This is the law as held in Vermont. *Pratt* v. *Bank*,

10 Vt. Rep. 294; *Keys* v. *Wood*, 21 Vt. Rep. 331; *Belding* v. *Manly*, 21 Vt. Rep. 550.

In Kentucky, *Bartlett* v. *Clay*, 8 B. Mon. 287; in Mississippi, *Dick* v. *Mowry*, 9 Sm. & M. 448; *Lewis* v. *Stark*, 10 Sm. & M. 120; in Alabama, *Erving* v. *Arthur*, 1 Humph. 537; in Michigan, *Cooper* v. *Ulman*, 1 Walker Ch. Rep. 251. This is also the law in New York, according to Judge *Kent*, as held by him in *Bunyan* v. *Meserve*, 11 Johns. 534. The principles are maintained in *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Smith* v. *Moore*, 11 N. H. Rep. 55; *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247; and several other cases in our court are decisive as to the right of the plaintiffs to support this case. Chief Justice *Parker*, in *Rigney* v. *Lovejoy*, says: "An assignee of the debt may be assignee of the mortgage, without any conveyance by deed or writing, and may enforce the security in his own name, in the same manner that the mortgagee himself might have done, and with the same effect."

The interest of a mortgagee, before entry by him, and until he shall elect to enforce the mortgage against the land, is a mere charge upon the land, or security for the debt, and at most a chattel interest. That is the well established doctrine in this State. *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Glass* v. *Ellison*, 9 N. H. Rep. 60; and *Ellison* v. *Daniels*, before cited. It follows that the interest of a mortgagee may be assigned and transferred without deed or other writing, and that a parol sale and transfer of the debt carries with it the mortgage interest as an incident. And it does not require the citation of authorities to show that the owner of a mere chattel may enforce his rights in reference to it, in his own name, in an action at law.

*Morrison & Fitch*, for the defendants.

WOODS, J. It is settled in this State, that the assignment of a debt secured by a mortgage of land, is *ipso facto*

an assignment of the security also. *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247; and cases there referred to.

And it is also settled that the interest of a mortgagee is incapable of being conveyed by him, except in connection with the debt secured by the mortgage, and as a mere incident or appurtenance to it. *Ellison* v. *Daniels*, 11 N. H. Rep. 274, and cases there cited.

It was held in *Rigney* v. *Lovejoy* before referred to, that the parol assignment of a negotiable note secured by a mortgage, although it did not authorize the assignee to sue for the debt in his own name, carried with it the mortgage interest, and enabled the assignee, by his writ of entry, to assert his claim to the land in his own name.

As a corollary to the doctrine that an assignment of the debt carries with it the mortgage, it has been held that where the debt consists of several bonds or notes, the assignment of each operates, *pro tanto*, an assignment of the mortgage.

In *Lowe* v. *Morgan*, 1 Bro. C. C. 268, the mortgagee had assigned to a trustee in trust for three persons who had contributed equal proportions of the money. One of the three brought a bill to foreclose, and took a decree. But the cause stood over to enable him to make the other two, parties, because it was deemed impossible for one to foreclose without the others.

In *Cooper* v. *Ulman*, Walker's Mich. Ch. Rep. 251, it was held that the assignment of one of several notes secured by mortgage, carries with it a proportional interest in the mortgage, unless it is agreed between the parties at the time, that no interest in the mortgage is to pass to the assignee.

In *Stevenson* v. *Black*, Saxton's N. J. Rep. 338, it was held, that where the mortgage is made to secure several bonds, and the mortgagee assigns them to different persons, and the mortgage to one of them, the several assignments of the bonds operate, *pro tanto*, an assignment of the mort-

Page *v.* Pierce.

gage. And if he, to whom the assignment of the mortgage and of one of the bonds is made, buys in the equity of redemption, the mortgage is extinguished as to the bond held by him, but will continue as a security for the residue of the bonds.

In *Crane* v. *March*, 4 Pick. Rep. 136, the same general principle is involved in the conclusion to which the court arrived.

In *Betz* v. *Heebner*, 1 Penn. 280, it was decided, that an assignee of one of the bonds took the benefit of the mortgage made to secure it, although at the time of the assignment he did not know there was such mortgage; and that he should not be postponed to subsequent assignees of the other bonds, to whom the mortgage likewise was assigned, although the latter did not know that the first named bond was unpaid.

In *Cullum* v. *Erwin*, 4 Ala. 452, it was also held that an assignment of one of several notes secured by a mortgage, was an assignment *pro tanto* of the mortgage, and if the property was insufficient security for the whole, such assignee should have a preference over the mortgagee; which preference was not disturbed by a subsequent assignment of the other notes; each of which took priority of lien in the order of its assignment, without regard to the order in which they severally fell due; but that the assignor might at the time of the assignment give a preference to one or more of the assignees.

In *Langdon & a.* v. *Keith*, 9 Verm. 299, of the several notes secured by the mortgage, all but one was assigned with the mortgage, to one from whom the defendant received them. The material part of the first assignment was in these words: " We do hereby grant, bargain, sell, transfer and make over to said R., his heirs, &c., the above mortgage deed and premises therein described, and the notes in the condition mentioned, except the fifty-five dollar note," &c. The defendant, after he became possessed of the notes and

mortgage, made further advances to the mortgager, and took a second mortgage of the same property. And the question was, whether the fifty-five dollar note named in the first mortgage, and excepted out of the assignment, should take precedence of this second mortgage. And it was held that it should not.

First, because the defendant was an innocent purchaser, having no notice that the fifty-five dollar note was unpaid, or that the plaintiffs claimed an interest in the mortgage, which they had in terms fully assigned.

Second, because it was clearly competent for the parties to the first assignment, to agree as they did agree, that the whole mortgage should pass. Mr. Chancellor *Collamer* cites the language of the court in *Wright* v. *Wright*, 2 Aik. Rep. 212, in these words : " If the mortgagee choose to assign all his interest in the mortgaged premises, to secure but a part of the notes therein, assigned by him, he has a right to do so, and in such case, no interest in the premises could remain in him." And the Chancellor concludes that the assignment " clearly conveys the whole mortgage, and all the notes except one."

" It is however true," he adds, " that as against Mead, [the mortgager,] this mortgage may be kept on foot for the security of all for which it was given, until paid by him or legally discharged. The orators may have the right to pay Keith, the defendant, both his mortgages, and redeem as to him and them, and hold the mortgages for all the debts therein mentioned against Mead."

These cases all maintain or admit the principle, that the mortgage is a mere attendant upon the debt, and in the absence of an agreement, express or implied, to the contrary, if the debt be assigned in parcels to different persons, the mortgage will follow and give equal protection to these fragments, into whose hands soever they may pass by any proper mode of transfer.

Whether mere priority of assignment, affords the note or

bond that is the subject of it, the preference asserted in some of the cases, it is not necessary here to decide; because the notes first assigned, in this case, were fully paid, and the property exonerated with respect to them, on the fourteenth of December, 1850.

From the principle laid down in *Ellison* v. *Daniels*, before cited, it might be fairly inferred that the assignment from Munger to Cadwell, on the eighteenth of January, 1849, conveyed no interest in the mortgage, beyond what was properly appurtenant to the notes then assigned to him, for the reason that Munger had no power to assign, and Cadwell no capacity to take, any interest in the land or the mortgage, except to the extent of securing those notes. But it is not necessary so to decide in this case. And it is not necessary to decide whether an assignment of a mortgage with part of the debt, in the terms used by the parties on the eighteenth of January, 1849, has or has not the effect of giving a priority to the accompanying notes, over those retained by the mortgager; nor whether that priority, having so attached, would be disturbed in favor of a party taking the residue of the notes from the mortgagee, by a subsequent assignment, without notice. These questions, unavoidably suggested by the cases referred to for a different purpose, are not concluded by the decision of the one before us.

It may be admitted that the assignment of the mortgage to Cadwell carried the whole mortgage, as in the case of *Langdon* v. *Keith*, with the qualification admitted in that case. For here is no subsequent purchaser without notice, and no mesne incumbrancer, who by the principles of that case, could interpose between this plaintiff and the security.

But here the plaintiff, the assignee of one of the notes, is entitled, even upon the theory of that case, to an interest in the mortgage. The party against whom he seeks to enforce it, is the mortgager himself, and the maker of the note. He did not, like the defendant in *Langdon* v. *Keith*, advance

money upon the land in faith of an assignment of the mortgage to Cadwell, and of Cadwell to himself, and in ignorance that the other note was outstanding and unpaid, which was the strong feature in that case.

On the contrary, when he took from Cadwell the formal discharge of the mortgage, he knew it was not paid. That before he could rightfully hold the land, there was a note of one hundred dollars with which he had himself charged it, still outstanding against him, which he must pay. He could not therefore have supposed, that any discharge which Cadwell could give him, would exonerate the land, and without imputing a sinister design to the party, we cannot suppose that he intended, in taking the discharge, to give any such effect to it.

The conclusion therefore is, that the plaintiffs were, from and after December 14, 1850, sole assignees of the mortgage of the premises, by virtue of the purchase of one of the notes secured by it, and the payment of the others, which had been assigned to Cadwell.

When two or more are interested as mortgagees or assignees of a mortgage, it has been held that they are all necessary parties to a bill to foreclose. *Palmer* v. *Carlisle*, 1 Sim. & Stu. 433 ; *Lowe* v. *Morgan*, before cited.

But where the interest of all but one has been extinguished, there seems no reason why he may not proceed alone. *King* v. *Harrington*, 2 Aiken 33.

The plaintiffs in this case are joint assignees of the mortgage, and as such are entitled to maintain this action to foreclose the mortgage.

*Judgment for the plaintiffs.*