## JOHNSON & *a. v.* BROWN.

Where a mortgage is given to secure the payment of several notes or demands, it is an incumbrance upon the land for the security of all and each of the notes in whosesoever hands they may legally be, until all are paid.

If two or more mortgagees or assignees of a mortgage hold notes respectively, secured by the mortgage, and one of them is desirous to proceed upon the mortgage for the collection of his debt, he may join the others in a suit at law with him, upon giving them security for costs.

Whether one of several mortgagees or assignees of a mortgage, holding a note secured by the mortgage, can alone maintain a suit upon the mortgage without joining the others, they holding unpaid notes at the same time secured by the same mortgage—*quære?*

It seems that where two or more are interested as mortgagees or assignees of a mortgage that all must join in a bill to foreclose.

Where a mortgage was executed by B. to K. to secure the payment of three notes of even date, and one of the notes was transferred to T., and the other two, and the mortgage, were transferred to J.—*held,* that, in an action brought upon the mortgage for the payment of the note in the hands of T., a copy of the mortgage from the registry might be used, J. having refused to let T. have any use of or control over it.

Until a foreclosure is had upon a mortgage given to several, or the title to the land has, by process of law, become vested in the mortgagees or their assignees, their interest is one of security, and they are not tenants in common of the land.

If a mortgage is given to secure the payment of several notes, which were held by different individuals, and a suit is instituted by one of them on one note, the judgment must be taken upon the whole land.

WRIT OF ENTRY, brought to recover a tract of land in Bristol.

The plaintiffs counted upon a seizin as of fee and mortgage, and the defendant pleaded the general issue.

It appeared in evidence that the demanded premises were mortgaged by the defendant to Joseph Kidder, on the 22d day of March, 1851, to secure the payment of three promissory notes, bearing even date with the mortgage, payable to Kidder, or order, for the sum of $150 each, one payable on demand, one in one year, and one in two years. That Kidder, the mortgagee, some months after the date of the mortgage, sold, indorsed and delivered to Tenney, for a val-

uable consideration, the note which was payable on demand; and afterwards, and before the commencement of this suit, sold and indorsed to Johnson the other two notes, and also at the same time delivered to Johnson the mortgage deed.

The action was originally commenced by Tenney, in the name of Johnson, but Johnson repudiating the suit, Tenney was permitted to be joined as plaintiff with Johnson, and the suit proceeded in the name of both, for the benefit of Tenney.

A notice was served upon Johnson, and also upon the defendant, to produce the mortgage on the trial, but it not being produced, and Tenney making affidavit that it had never been in his possession, nor under his control, an office copy was permitted to be used, subject to the defendant's exception.

The note sold to Tenney was also introduced in evidence. Upon these facts, the defendant contended that the action could not be maintained, and moved for a nonsuit.

The motion for a nonsuit was overruled, and thereupon a verdict was taken, by consent, for the plaintiffs, for the whole of the demanded premises, on which judgment is to be entered; or the verdict is to be amended so that judgment may be rendered in the name of Tenney alone, or of both the plaintiffs, for one undivided third of the premises; or the verdict is to be set aside and a new trial granted, as the opinion of the court may be upon the case. Either party was at liberty to refer to any paper used at the trial; and it was ordered that the questions arising upon the case be assigned to the superior court, for their determination.

*Bryant,* for the defendant.

*Campbell* v. *Wallace,* 12 N. H. Rep. 362, does not sustain the plaintiffs' point. That was a writ of entry, brought by several coparceners or tenants in common, heirs by descent. It was held that they might each sue separately or

all join; and if part only joined, advantage could be taken only by plea in abatement.

But in this suit, brought in Johnson's name alone, it cannot be said that we should plead nonjoinder in abatement, because we could not know of any other party holding any interest. Further than this, we say that Johnson cannot properly be joined with any one. If Johnson holds the mortgage and part of the notes, his rights, if he has any, must be enforced by suit in his own name.

And, likewise, Tenney, if he can sue at law, must sue in his own name, upon the ground assumed in the plaintiff's brief, that an assignment and transfer of one of the notes operates as assignment and transfer of the mortgage.

It is plain that Johnson, upon the transfer to him, had the right to sue in his own name. How can that right be compromised or affected by any act of Tenney, especially without Johnson's assent? If a joint judgment is to be rendered, who is to establish the amount or priority of their claims? Or if Johnson does not choose to bring forward his notes, is this suit to be a bar to an action by Johnson alone? And if another suit can be maintained by Johnson alone, in any event, why not in an action in Tenney's name alone, if at all?

2. There was no evidence tending to show collusion between Johnson and the defendant. A suit, brought without authority, in Johnson's name, is repudiated by him. This was his right. How, then, can fraud be inferred?

3. The original mortgage should have been produced, or, at the least, its execution should have been proved.

It is said that Johnson could not be summoned in to produce the original. This is bad logic. We say the suit, if any can be maintained at law, should have been in Tenney's name; and if so brought, Johnson can be summoned in as a witness to produce the deed. But here the suit was brought in the name of the witness alone, and then an attempt is made to evade the general rule of law, that the

---
---

best evidence shall be produced, by saying that the witness, being a party, cannot be summoned.  Again, Tenney is joined, and the same difficulty remains.  It is Tenney's own fault that Johnson cannot be summoned, and he is estopped from setting that up as a reason for violating an inflexible rule of law.

Besides, if such a result is to be brought about in this mode, how easy, in any case, by a little collusion between two plaintiffs, to effect a similar result, in violation of all law ?  An office copy was plainly inadmissible until the execution of the original was duly proved, or a loss shown, neither which was done or attempted.   Phil. Ev. 439, 451 ; Cow. & Hill's Notes 1214, 1215; Cow. Treat. 938, and authorities there cited.

4.   The case finds the suit brought for Tenney's benefit.  If so, it cannot be for Johnson's benefit, nor for the joint benefit of the two.   It is entirely apparent, then, that Johnson cannot be a party to it against his will, nor can his separate rights be compromised by any judgment in this form.

Neither can any judgment be rendered in Tenney's name alone, for not being a party to the suit when brought, his name cannot be put upon the record, except for the purpose of being joined with the plaintiff on record.   Of course, a new party cannot be created by substitution ; there is no law or precedent for such a practice.

*Bellows* and *Tenney*, for the plaintiffs.

The mortgage, in law, was assigned to the plaintiffs, by the assignment and transfer of the notes, and they should join, as, in the case of a mortgage, tenants in common should join.

Besides, the objection, if any, must be taken advantage of by plea of abatement.   *Campbell* v. *Wallace*, 12 N. H. Rep. 362.

The admission of the copy of the mortgage was founded upon evidence showing to the court that the original was in

the possession of Johnson; that Tenney had called on him, and he refused to let Tenney have it or see it; that he refused to let the suit go on in his name; and other circumstances, stated in the affidavit furnished, tending to show a concert between Johnson and the defendant to suppress the mortgage.

The evidence tended to establish this fact, and the court might properly have found such to be the fact.

If so, and it could be nothing else, as no one but the defendant had any interest to suppress the paper, it would be the same as if the defendant himself had the mortgage, in which case the copy would clearly be admissible.

Johnson could not be summoned in as a witness to produce the original, and, therefore, the paper was in the hands of a party who must, as a matter of form, be joined, but who, however, had no interest in the recovery, and also would not produce the paper; and so it was beyond the control of Tenney.

If Johnson could defeat the collection of Tenney's note, in any way, so that it would not be a claim upon the land, his security would be *improved to that extent.*

We say, further, that Tenney claims under the mortgage, and so does Johnson. But neither was a party to the deed, and it is not a legal presumption that either has possession of it.

The assignment might be by a separate deed, or by a delivery of one of the notes. *Southerin* v. *Mendum*, 5 N. H. Rep. 420–428; *Pollard* v. *Melvin*, 4 N. H. Rep. 554.

The proof that the mortgage was in the possession of Johnson showed, also, that this suit was for the benefit of Tenney alone; that he is the real plaintiff, and Johnson merely nominal; that Johnson, in fact, was adverse to the interest of Tenney, and disowned the suit so far as he might; and that Tenney had done what he could to produce the mortgage.

The court will take notice of the real plaintiff, and if he cannot obtain the mortgage, will admit the copy.

The proof shows the original not within the possession or control of the real plaintiff. See *Burnham* v. *Wood*, 8 N. H. Rep. 334; *Little* v. *Paddleford*, 13 N. H. Rep. 167, 172; 1 Greenl. Ev. § 558 and note; *Schortz* v. *Unigast*, 3 Watts & Serg. 45.

In the last case, it was held that the admission of the nominal plaintiff, that he had burned the bond, he being adverse to the real plaintiff, would let in secondary evidence.

So if the papers are in possession of a person in privity with the opposite party, as banker, agent, &c., on notice, secondary evidence is admissible. 1 Greenl. Ev. § 560 and note.

EASTMAN, J. When a mortgage is given to secure several notes or demands, it is an incumbrance upon the land until all are paid. It is a security for all and each of the notes, in whosesoever hands they may be. This is the doctrine of *Page* v. *Pierce*, 6 Foster's Rep. 317, where the cases upon the subject are collected and well considered. Tenney, then, being the owner and holder of one of the notes secured by the mortgage upon which this action was founded, had a right to institute proceedings for the satisfaction of his debt. And he had the right to use the name of Johnson, the holder of the other notes, for this purpose, upon giving him proper security for costs. Johnson had become interested with Tenney in the mortgage. There was a *quasi* partnership between them in the security for their debts.

Whether Tenney could have maintained an action on the mortgage in his own name alone, the other notes remaining unpaid, is not necessary to be decided. It is clear that were his the only note unsatisfied, he might have sustained a suit in his own name, without joining others; *King* v. *Harrington*, 2 Aiken 33; *Page* v. *Pierce*, 6 Foster's Rep. 317. The other notes being paid, he would be the only person interested in the mortgage.

But it would seem that where two or more are interested as mortgagees or assignees of a mortgage, it is necessary that all shall be joined in a bill to foreclose. It was so held in *Palmer* v. *Carlisle*, 1 Simons & Stuart 433, and in *Lowe* v. *Morgan*, 1 Brockenborough's C. C. Rep. 268. The contract of the mortgager is entire to pay the mortgagee the debt or debts secured by the mortgage, and so long as the debt or debts remain unpaid, the assignee or assignees would seem to stand in the same legal position as the mortgagee. But still, a division of interest in the debts secured may give the different assignees a right to proceed at law, in their several names, to secure their several interests; in which case the theory would have to be that a mortgage, to secure several demands, is in the nature of several mortgages. But we pass this point at present.

There is no difficulty in all being joined, as all have a joint interest in the security; and the position of this case is such that all must be joined, because the suit having been prosecuted against the consent of Johnson, and he being a nominal plaintiff, so far as Tenney is concerned, if his name should be struck from the record, there would be no plaintiff in court, and, consequently, no amendment could be made by permitting Tenney to join as plaintiff. There would be nothing to amend by. But the amendment was admissible under the general provisions of the statute. Comp. Stat. ch. 198, § 18.

The mortgage was, under the circumstances, well enough proved. Tenney did all he could to procure the original, and failing in that, he obtained the best secondary evidence within his power. His affidavit shows the original mortgage to have been in the hands of Johnson, and a refusal by him to let Tenney have it. The case finds the mortgage to have been executed to Kidder, and transferred to Johnson.

In *Poignard* v. *Smith*, 8 Pick. 272, which was a writ of entry, upon a mortgage brought by the assignee of a mort-

gagee, it was held that, in such an action, if diligent search and inquiry are made for the mortgage deed, by the demandant, and it cannot be found, he may give a copy from the registry in evidence. In the course of the opinion, *Parker*, C. J., says, " that there was, in fact, such a deed, cannot be doubted, for the registered copy is sufficient evidence of the fact." And in *Southerin* v. *Mendum*, 5 N. H. Rep. 420, it was decided that where a deed of land is lost, or out of the reach of a party who claims under it, a copy from the register's office may be used as evidence. See also *Bowman* v. *Sanborn*, 5 Foster's Rep. 113.

Here was a mortgage executed from Brown to Kidder, to secure the payment of three notes of even date; one of these notes was transferred to Tenney, the other two to Johnson, and the mortgage also transferred to Johnson. These are facts proved upon the trial. Tenney then called upon Johnson, who said he had the mortgage, but refused to let him have any use or control over it, and, therefore, Tenney was permitted to use a copy from the registry, and, we think, rightly so.

The judgment must be taken upon the whole land. Until a foreclosure is had upon a mortgage, or the title to the land has, by process of law, become vested in the mortgagee or mortgagees, or their assignees, their interest is one of security and not such as to make them tenants in common of the land. The mortgage is upon the whole premises, for the security of every part of the debt named in the condition, and the judgment must go upon the whole. If there are several demands, as in this case, each demand is a claim upon the entire property as against the mortgager. He has mortgaged the whole premises to secure the payment of all the notes and of each note; but after the title of the property has passed from him by due process of law, the assignees become the owners of the land, in proportion to their respective debts, and must adjust the matter between themselves accordingly.

The verdict in the case was correctly taken for the whole of the demanded premises, in the name of both plaintiffs; and, according to the views expressed, there must be

*Judgment on the verdict.*