<sub>Aug. 11,</sub>
<sub>1876.</sub>                          FOGG *v.* HOSKINS.

*Contract—Consideration—Rescission.*

F. conveyed a farm to H. for $2,500, subject to a mortgage to L. for $901, which H., as a part of the consideration, agreed with F. to pay to L., and secured the balance of the purchase money ($1,599) by a mortgage upon the premises to F.  H. failed to pay L.'s claim, and L. foreclosed his mortgage by procurement of F., who thereupon sued H. to recover the amount of L.'s mortgage debt.  *Held*, that it was H.'s property that paid the debt to L., and that F. had no cause of action against H. therefor.

FROM GRAFTON CIRCUIT COURT.

ASSUMPSIT. The writ contains the general counts for money had and received, lands bargained, sold, and conveyed, etc., and is dated November 22, 1873. The plaintiff seeks to recover the amount of two notes of $500 each, dated December 29, 1871, due April 1, 1872, and April 1, 1873, respectively, given by the defendant to the plaintiff in part payment for a farm, as hereinafter set forth. The plea is the general issue. The case was referred under the act of 1874 to a referee, who reported in favor of the plaintiff, assessing the damages in the sum of one dollar. He also reported the facts found proved by him, and his rulings upon questions of law, as follows:

On the 29th day of December, 1871, the plaintiff bargained his farm to the defendant for $2,500, and made a warranty deed thereof to the defendant, and lodged the same with a third party, to remain in his hands till the first day of April, 1872. The defendant at the same time made five promissory notes of that date for $500 each, one payable on the first day of the next April, and one annually thereafter until all were paid, and made a mortgage of said farm to secure the payment of said notes, and lodged them all with said third party. At the time of this transaction there was a mortgage on said farm from the plaintiff to one Leach, which amounted to about $901 on the first of April, 1872, and was then overdue. By the agreement between the plaintiff and the defendant, the plaintiff was to pay and cancel this mortgage debt before April 1, 1872, and on that day the defendant was to pay the $500 note then due, and all the papers lodged as aforesaid were to be delivered to the respective parties.

About March 26, 1872, this contract was varied thus: The plaintiff gave up to the defendant to be cancelled the two $500 notes first becoming due, in consideration of which the defendant agreed with the plaintiff to assume and pay said Leach mortgage; and as said two notes amounted to $98.88 more than said Leach mortgage debt, that sum was endorsed by the defendant upon a note he then held against the plaintiff. The phrase " subject to a mortgage of $901 in favor of Benjamin F. Leach, dated May 6, 1870 " was interlined in the warranty deed from the plaintiff to the defendant, and the same was then delivered to the defendant, and the defendant's three remaining $500 notes and the mortgage securing them were delivered to the plaintiff, and the defendant went into possession of the farm.

Before the plaintiff's suit was commenced Leach died, and his administrator called on the plaintiff for payment of said mortgage debt; whereupon the plaintiff called upon the defendant to pay the same, in accordance with his agreement. He twice, at least, before the commencement of this suit, requested the defendant to pay this mortgage debt, which the defendant failed to do.

On the 29th day of January, 1874, by procurement of the plaintiff, said Leach's administrator commenced a suit against the defendant, then being in possession of said farm, for the foreclosure of the Leach

mortgage, and at the March term, 1874, of the court for this county, recovered judgment therein, and in June following was put in possession of said land by virtue of a writ of possession that had issued upon his said judgment. Before the year of redemption expired the plaintiff procured two of his friends (his father and cousin) to advance the money to pay the Leach debt, and take an assignment thereof, with the agreement that if the plaintiff should repay them the money so advanced, with interest, they would deed the farm to him. The defendant did not redeem within the year of redemption, and the plaintiff's friends now hold the farm.

The farm is more than sufficient to pay the amount of the Leach mortgage. The plaintiff still holds his mortgage, and the three notes secured thereby as aforesaid. Upon the foregoing facts the referee ruled, as a matter of law, as follows:

"1. The defendant having failed to pay the Leach mortgage when requested by the plaintiff so to do, the plaintiff might and did rescind the contract whereby the defendant had thus promised, and might maintain an action to recover the consideration that he had given the defendant for this promise, namely, the first two $500 notes, and that this action was therefore properly brought.

"2. That the Leach mortgage was foreclosed, and its foreclosure operated as a payment of that debt in full; and, as the farm belonged to the defendant, his property thus paid said debt.

"3. That this payment of the Leach mortgage might be given in evidence, and considered to reduce the plaintiff's damages in this suit.

"4. That it did reduce the plaintiff's damages to a nominal sum,— therefore the foregoing report. The referee further reports that if he has erred in these rulings, and this form of action cannot be maintained upon the foregoing facts, there should be judgment for the defendant instead of in accordance with the foregoing report.

"If the action can be maintained in its present form, but the damages should be assessed for the full amount due upon said two $500 notes instead of as aforesaid, then the plaintiff should have judgment for $1,117.39 as of April 1, 1876, instead of nominal damages as above assessed."

Upon the return of the foregoing the defendant moved for judgment in his favor for costs, which the court granted; and the plaintiff excepted.

Transferred by STANLEY, J., C. C.

*Bingham & Mitchell* (with whom was *L. R. Morris*), for the plaintiff.

*G. W. Murray*, for the defendant.

SMITH, J. As a part of the consideration for the conveyance from the plaintiff to the defendant, the latter agreed to pay the debt of the former to Leach, amounting to $901. The defendant neglected to perform his promise when requested, and Leach's administrator there-

upon commenced proceedings against him, by which his right to redeem the premises from the mortgage to Leach became foreclosed. The plaintiff does not bring this suit upon the promise of Hoskins to pay the Leach debt, nor does he claim to recover damages for the non-fulfilment by Hoskins of his agreement. If the suit were brought to recover for the breach of that agreement, he would be entitled to recover at least nominal damages. *Braman* v. *Dowse,* 12 Cush. 227; *Pike* v. *Brown,* 7 Cush. 133. But the plaintiff has brought this action to recover the amount of the two notes falling due April 1, 1872, and April 1, 1873, respectively. His claim rests upon the alleged ground, that, as the defendant failed to pay the Leach debt when requested, the plaintiff had the right to rescind the contract by which he surrendered to the defendant-said two notes. It is an answer to this position, that the two notes never were the property of the plaintiff. They had been lodged, with other papers, with a third party, to remain in his hands till April 1, 1872, when they were to be delivered to the plaintiff, provided he should by that time have paid off the Leach mortgage. This conditional agreement, made in December, 1871, was never carried out; but on March 26, 1872, another agreement was substituted for it, in consequence of which the two notes which had never been delivered to the plaintiff were returned to the defendant. It seems to me very plain that the plaintiff cannot recover for these notes, because they had never become his property.

But suppose it be conceded that the plaintiff owned the notes, and was induced to surrender them to the defendant in consequence of the latter's promise to pay the Leach mortgage. That debt has been paid. But by whom? Out of whose property was it satisfied? The plaintiff says his property paid it, and argues, that since, as between him and the defendant, the fee to the premises was in the plaintiff by virtue of the mortgage from the defendant to him, and as the Leach debt was satisfied by a foreclosure of the Leach mortgage upon the same premises, therefore it was paid out of his property. But this is not so. When the plaintiff conveyed to the defendant, the premises were subject to a mortgage from the plaintiff to Leach. The plaintiff therefore could convey only his equity of redemption to Hoskins. Hoskins mortgaged the same premises back to the plaintiff to secure his three notes of $500 each. As between these two parties the mortgage passed to the plaintiff all the estate in the land, and, in the absence of any agreement to the contrary, the plaintiff could have entered upon the land and held it until redeemed, and could have maintained any action against any one, including the defendant, for the disturbance of his possession. But the law gives a mortgagee these rights to enable him to prevent waste, and keep the land from being lessened in value in any way, and also to enable him to receive the rents and profits. But his interest in other respects is different. For other purposes the law treats his estate as a personal chattel, a mere security for the debt, an incident to it, which cannot be detached from it. *Southerin* v. *Mendum,* 5 N. H. 420. It was Hoskins's property, then, which paid the Leach mort-

gage. His equity of redemption was taken to pay it, and not the property of the plaintiff.

Even if Fogg can rescind the second contract, it is clear that he cannot maintain this action till he pays the Leach mortgage, which he agreed to do. The defendant's equity has paid that debt, and, if this action is sustained for the two notes, he will thus be compelled to pay it twice.

The defendant is entitled to judgment on the report.

CUSHING, C. J. On the 26th day of March, 1872, none of the papers had been delivered. The notes had not become the property of the plaintiff, and the farm had not become the property of the defendant. On that day a new agreement was made, by virtue of which the defendant undertook to pay off the Leach mortgage; and, instead of delivering the two $500 notes, the difference between $1,000 and the amount of the Leach mortgage was paid by the defendant. The clause was inserted in the plaintiff's deed subjecting it to the Leach mortgage, and the two $500 notes never were delivered, and never became the property of the plaintiff; and this new arrangement took the place entirely of the first arrangement.

In order to rescind this contract, it was necessary that the parties should be restored to their original position, which the plaintiff could not do, because he could not relieve the defendant from that clause in the deed by which he took the property subject to the Leach mortgage. So far from rescinding the contract, he took active measures to compel the defendant to perform it by causing the Leach mortgage to be foreclosed and the agreement performed.

This being so, the plaintiff never had any cause of action against the defendant. He could not recover what is called the consideration of those notes, because he could not and did not restore to the defendant what the defendant had given for it. He could not recover for the breach of the agreement, because he had not been damaged by it.

If the plaintiff sees fit to buy back the land, I do not see that that affects the matter at all. The defendant still owes the remaining $1,500 to the plaintiff, notwithstanding that the plaintiff, by his own action in causing the Leach mortgage to be foreclosed, has deprived himself of the security of the land on the remaining part of the purchase money.

What the effect of these facts would be by way of defence, should the plaintiff endeavor to enforce the other notes or to maintain an action on the covenants in his mortgage, need not be inquired into here.

LADD, J., concurred.

*Judgment on the report.*